FRAZIER v. SEMOFF et

Ohio Appeals, 6th Dist., Lucas Co.

Nos. 1593-94. Decided Jan. 18, 1926

225. CHARGE TO JURY—Where petition alleged auto was placed across highway to wreck truck, the court's charge that recovery may be had on finding that defendant acted maliciously and without justification, but not requiring finding of motive is not reversible error.

355. DAMAGES—Market values before and after wreck are sufficient evidence to prove measure of damages.

RICHARDS, J.

These two cases grew out of actions brought in the Lucas Common Pleas by Nicholas Semoff to recover for personal injuries and by William Ford to recover damages to his truck, due to a collision, claimed to have been caused by Wm. Frazier placing his truck across a certain highway. Semoff recovered $90 and Ford, $800.

In both cases Frazier relies upon the charge of the court for reversal and in addition in the Ford case upon the ground that the court erred in admitting evidence of damages not charged in the petition.

The facts are that Frazier as a constable, and his deputies were looking for rum runners, and stationed themselves along a road at night to intercept them. Semoff and Ford were returning home from a meeting when Frazier signalled them to stop by flashing a red light and firing several shots. Semoff and Ford thinking it was a hold-up speeded up and one of Frazier's deputies drove his car across the road to stop them, thus causing the collision.

The plaintiff alleged that these acts were done maliciously and intentionally for the purpose of wrecking the truck. On prosecution of error to the Court of Appeals, it was claimed that the trial judge did not charge as if the acts were done maliciously; but as if it

were a negligence case. The Court of Appeals held:

1. In the Semoff case before argument the trial judge gave two propositions requested by Frazier which specially forbade a recovery unless the jury found that the injury resulted from malicious conduct of Frazier and during the general charge he referred to them several times.

2. The trial judge in his general charge further said there was no evidence of express malice, but malice might be inferred if an act was done wrongfully without legal justification or excuse.

3. The petition does state that the automobile was placed across the highway to wreck Ford's auto truck, but in the charge the judge specifically states that such act must be done maliciously and without legal justification and therefore there is no reversible error.

4. The damage to the truck was proven by showing the market value before and after the wreck and the court believes this is sufficient as the averment to damages amounted to no more than describing and characterizing the damages to the truck.

Judgment affirmed.

Attorneys—Wm. H. McLellan, Jr. for Frazier; S. S. Burtsfield and W. H. Wagers for Semoff et; all of Toledo.