## CHAMBERS v. CUNNINGHAM.

No. 20559.   Opinion Filed Nov. 24, 1931.

Charles Skalnik, for plaintiff in error.

George B. Coryell, Jr., and Johnson & Jones, for defendant in error.

HEFNER, J. This is an action originally brought in the district court of Tulsa county by Homer Cunningham against E. D. Chambers to recover damages for injury to his truck alleged to have occurred because of the negligence of defendant.

Plaintiff alleges that there was a collision between the truck driven by his employee, and a truck driven by an employee of the defendant. That the collision occurred because of the negligence of the driver of defendant's truck in that he violated the rules of the law of the road.

Defendant contended that the collision was caused because of the negligence of plaintiff's driver and filed a counterclaim against plaintiff for damages to his truck. The trial was to a jury, which resulted in a verdict and judgment in favor of plaintiff in the sum of $1,000.

Defendant's first assignment is that the court erred in overruling his demurrer to plaintiff's petition. The petition is a lengthy document and it would be impracticable to discuss the allegations therein in detail. We have, however, carefully examined the petition, and in our opinion it states facts sufficient to constitute a cause of action against defendant. ·

Appellant next contends that the court erred in overruling his motion for a directed verdict.

Plaintiff offered evidence that Fred Linthicum was employed by plaintiff to drive his truck. On the 6th day of February, 1927, he was driving it on paved main highway in a southerly direction towards Okmulgee. At a point about one mile south of Beggs a truck driven by an employee of defendant, driving in a northerly direction, collided with plaintiff's truck. At the point where the collision occurred two automobiles were parked on the right-hand side of the road traveling north. The parked automobiles occupied a portion of the pavement. The two trucks met at this point. The driver of defendant's truck turned to the left in order to pass the parked cars, and in so doing collided with the truck of plaintiff. The width of the highway was insufficient to allow both trucks to pass the parked cars at the same time. The theory of plaintiff is that the driver of defendant was negligent in attempting to pass the parked cars without first ascertaining that there was no travel from the opposite direction and that he could safely pass without injury to others.

Defendant offered evidence in substance as follows: Plaintiff's driver was racing with the driver of a Ford coupe and was traveling at such a rate of speed that the coupe was unable to pass him, and by reason thereof lost control of his truck. That the

road at the place of collision was slightly down grade and that there was sufficient space for both trucks to pass the parked automobiles; that the collision would not have occurred if plaintiff's driver had not been racing and lost control of his truck. Defendant also offered evidence that plaintiff's truck was equipped with a hub winch, which extended approximately 14 inches beyond the width of the truck, and except for this hub winch both trucks could have safely passed the parked cars. Defendant also offered evidence that plaintiff's truck was overloaded, that it was a two and one-half ton truck and carried a load of 15,000 pounds, and that by reason of such overloading the driver was unable to stop the truck.

Plaintiff offered evidence that the collision would have occurred even though his truck had not been equipped with hub winch, and also offered evidence that his truck was stopped within a very short distance after discovering defendant's truck.

Under this conflicting evidence the jury found that the collision was caused because of the negligence of defendant's driver. We are unable to say that there is no competent evidence reasonably tending to sustain this finding.

Defendant further contends that the evidence is insufficient to support the verdict because plaintiff failed to prove damages.

Plaintiff introduced evidence which established that it would cost approximately $1,400 to have repaired the truck and put it in the same condition it was in prior to the collision. He did not, however, repair it, but sold it in its damaged condition to General Motors Corporation. The court instructed the jury that plaintiff's measure of damages, in the event the truck could have been repaired, was what it would have cost to repair it and the value of its use necessarily lost pending repair.

Defendant contends that this is not the proper measure of damages, for the reason that plaintiff did not repair the truck and because he sold it to the motor company in its damaged condition. It is his contention that plaintiff's proper measure of damages in these circumstances is the difference between the fair market value of the truck before it was damaged and its value thereafter, and that there is no evidence which establishes such damages. The general rule relative to the measure of damage for injury to personal property is as stated by the trial court in its instruction to the jury. In the case of Marland Refining Co. v. Duffy, 94 Okla. 10, 220 P. 846, this court said:

"When an automobile has been damaged by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If it cannot be repaired, then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage."

The evidence discloses that the truck was not damaged beyond repair, and the mere fact that plaintiff did not repair it does not preclude him from measuring his damages under this rule. In the case of Missouri Pacific R. R. Co. v. Qualls, 120 Okla. 49, 250 P. 774, this court announced the following rule:

"In an action for damages to an automobile, it is not a condition precedent to recover for items of damage for repairs that plaintiff should have actually expended the sums or incurred liability therefor; the rule for payment for physicians' services in personal injury cases not being applicable."

Defendant, however, contends that this rule as to the measure of damages cannot be applied to the case at bar because plaintiff sold the truck in its damaged condition; that in such case the measure of damage is the difference between the value of the property before and after the collision, and cites authority in support thereof. We do not think it necessary to determine this question, as under the record defendant is precluded from asserting that the wrong rule for measuring plaintiff's damage was adopted. At the trial of the case plaintiff sought to prove the value of the truck immediately before and after the wreck. Defendant objected to this evidence on the ground that it was not the proper measure of damages. The court sustained the objection and in so doing stated that the cost of repair of the truck and the loss of the use thereof pending repair was the proper measure of damages. If the court erred in this ruling, it was error invited and caused by defendant, and he will not now be heard to complain.

Defendant also contends that plaintiff cannot recover because the evidence establishes that he is not the real party in interest. This contention is based on the theory that he sold the truck in its damaged condition and it was repaired by the purchaser thereof, and that plaintiff's purchaser is, therefore, the party entitled to maintain the action. This contention cannot be sustained. Plaintiff was the owner of the truck at the time it was damaged. He is the party who was injured and is the proper party plaintiff to maintain the action.

Defendant next contends that the verdict is excessive. It is in the sum of $1,000. The evidence discloses that it would have cost approximately $1,400 to have repaired the truck and put it in the same condition it was before the wreck. It was also established that the motor company that purchased the truck placed some repairs on it at a cost of $429 and resold it. Defendant contends that plaintiff's damages should have been limited to that sum. The evidence, however, discloses that the truck was not put in good repair before it was resold and that the purchaser thereof returned it to the motor company because of its condition. The verdict is not excessive.

Defendant requested 17 special instructions. We do not think it necessary to discuss these requests separately and in detail. Most of them cover the question of contributory negligence and the doctrine of last clear chance. The court in its general instructions sufficiently covered the question of contributory negligence. The doctrine of last clear chance is not applicable to the issues and evidence in the case. Some of these requests are not applicable to the issues in the case and others are fully covered by the general instructions. Defendant especially urges that requests Nos. 1 and 2 should have been given. These requests cover the subject of excessive speed and racing upon the highway and the court was thereby, in effect, requested to charge the jury that if the collision occurred because of negligence of plaintiff's driver in engaging in a race with another automobile, the verdict should be for defendant on his counterclaim. We think the court sufficiently covered this theory of the defense in the instruction No. 16, which is as follows:

"You are instructed that any person or persons operating or driving, or propelling any vehicle upon the public highway shall operate, drive or propel the same in a careful and prudent manner, and at a rate of speed not greater than is reasonable under the existing circumstances, and having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians or property, and drivers or operators of other vehicles; and no person or persons shall operate, propel or drive a motor vehicle upon any such highway at such rate of speed as to endanger the life or limb of any other person or persons, or the safety of any property, and it shall be unlawful to operate, propel or drive such motor vehicle upon any highway within the state of Oklahoma at a rate of speed in excess of 35 miles an hour."

There was no objection taken to this instruction. While the latter part thereof

which fixed the maximum speed at which motor vehicles may be driven upon the highway does not apply to trucks, the general principle set forth in the instruction is correct, and in our opinion sufficiently covers this phase of the defense. The court in its general instructions fully and fairly covered the law applicable to the issues involved, and there was therefore no prejudicial error in refusing defendant's requested instructions.

Defendant next assigns as error the giving of instructions Nos. 19 and 20. These instructions covered the question of plaintiff's measure of damages. This assignment has been disposed of in discussing the question of the sufficiency of the evidence.

Defendant finally contends that the court erred in overruling his supplemental motion for a new trial. The motion is based on the ground of newly discovered evidence and misconduct of the jury. On the question of newly discovered evidence, defendant in his affidavit states that since the trial he was informed by Gene Calvin and Clarence Tabor that they saw the collision and that defendant's truck at the time was being driven to the right of the center of the highway. Defendant also alleges in his affidavit that since the trial he discovered that the damage to plaintiff's truck was repaired at a cost of $429. This alleged evidence is merely cumulative and insufficient to authorize the granting of a new trial. On the question of misconduct of the jury, defendant in his affidavit alleges that after the trial one of the jurors who, on voir dire, stated that he was not acquainted with plaintiff, shook hands with him and several of his witnesses and invited them to visit him. The name of the juror is not given in the affidavit. There is no other charge of misconduct. In our opinion this indefinite statement in the affidavit of defendant is insufficient to warrant the setting aside of the verdict on the ground of misconduct of the juror. There was no error in overruling the motion for a new trial.

The judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent. McNEILL, J., disqualified.

Note. See under (4) annotation in 14 L. R. A. 609; 46 L. R. A. (N. S.) 903; L. R. A. 1916C, 1183; 20 R. C. L. 295 et seq.; R. C. L. Perm. Supp. p. 4875; R. C. L. Pocket Part, title "New Trial," p. 77. (5) 20 R. C. L. 251; R. C. L. Perm. Supp. p. 4867; R. C. L. Pocket Part, title "New Trial," § 34.