## AUGUSTINE v MONTGOMERY WARD & COMPANY

Ohio Appeals, 3rd Dist, Marion Co

No 767. Decided March 29, 1932

J. Wilbur Jacoby, Marion, for plaintiff in error.

Clark & Arter, for defendant in error.

dence. Some of the questions put by counsel for defendant in error were leading, some assumed facts to exist which had not at the time been proven, and some were immaterial. However, upon the whole record, we can not say that error, prejudicial to plaintiff in error, has intervened in this respect.

At the close of all the evidence, plaintiff in error moved for a directed verdict in his favor, on two grounds: first, that defendant in error had failed to prove its ownership of the Dodge sedan automobile; and, second, that defendant in error's evidence had raised a presumption of contributory negligence on its part which had not been counter-balanced by any evidence.

An examination of the answer and cross-petition of plaintiff in error will reveal that he alleged the ownership of the Dodge sedan automobile to be in defendant in error. Hence, defendant in error was not required to prove that it owned the Dodge sedan automobile at the time of the collision, as that allegation was a conceded fact.

As to the claim that defendant in error was guilty of contributory negligence as a matter of law, it is enough to say that that contention is not borne out by the evidence. Whether defendant in error was or was not guilty of contributory negligence, was a question of fact to be submitted to the jury under proper instructions.

A reading of the record reveals that the verdict is sustained by abundant evidence. The defendant in error's automobile, at the time of the collision, was traveling on a main thoroughfare, while plaintiff in error's automobile was entering thereon from a county road, then being temporarily used as a detour of State Route No. 47. The record abounds with testimony tending to prove that plaintiff in error drove his automobile upon State Route 32 at a time when he ought not to have done so, and at a time when he ought to have known and did know that defendant in error had the right of way. True, plaintiff in error introduced evidence to show that he was not at fault. However, this is a typical case for the application of the rule of law enounced in **Dean v King, 22 Oh St 118-134,** which clearly forbids reversal of the judgment on this ground.

The charge is free from prejudicial error except in two respects. The trial court stated, in substance, that a violation of §6310-28 GC, constituted negligence per se, that is to say, in and of itself. This is wrong.

In **Heidle v Baldwin, 118 Oh St 375,** our Supreme Court held:

JUSTICE, PJ.

We have carefully examined the rulings of the trial judge on the admission of evi-

"The duty imposed by the statute upon the driver of a vehicle on an intersecting highway is not a specific requirement to do or to omit to do a definite act but rather a rule of conduct and the rule of per se negligence is not applicable thereto."

The gist of the action at bar was negligence. One of the grounds of negligence, as alleged in the petition, was a violation of §6310-28, GC, by plaintiff in error. Motor vehicles on a main thoroughfare have the right of way. This right, however, is not an unqualified right, and the trial court very properly, in his charge, so told the jury. But one may violate §6310-28, GC, and not be guilty of negligence per se. Hence, the trial court committed reversible error in so charging.

The trial court, in instructing the jury on the measure of damages, said:

"The rule of damages in a case like this as to damages to an automobile, is generally the difference between the value of the machine as it was immediately before the accident, and the value in the condition it was in immediately after the accident, but it depends upon whether or not the machine could have been restored to its former condition.

"If the machine could not have been restored to its former condition, the plaintiff on its petition, or the defendant on his cross-petition, has the right to recover as damages the difference between the value of the machine as it stood immediately before the accident, and the value of it in the condition it was in immediately after the accident, but if the machine could have been restored to its former condition by making repairs thereon, the cost of the repairs would be the measure of damages."

This is prejudicially erroneous. The measure of damages, in the instant case, is the difference, if any, between the market value of the automobile at the place of and immediately before the injury, and its market value at the place of and immediately after the injury. **American Gypsum Co. v Lake Shore & Michigan Southern R. R. Co.,** 7 Oh Ap, 145. **Frazier v Semoff, 21 Oh Ap, 6, (4 Abs 701). Volume 13 Ohio Jurisprudence,** 138, 139, §§62, 63 and 64.

All the special requests were properly refused, save and except instruction Number 9, which reads as follows:

"Should you find that the car of plaintiff proceeded something like one hundred and fifty feet after the collision with defendant's car, that fact may be taken into consideration by the jury in determining whether plaintiff's car was traveling at a negligently rapid rate of speed or that the brakes on plaintiff's car were not operating effectively."

It was plaintiff in error's contention that defendant in error's automobile was being operated at a high and dangerous rate of speed and without regard to the rights of plaintiff in error upon State Route No. 32; he so pleaded, and offered evidence to so prove. Hence, instruction No. 9 was applicable to the facts in issue and should have been given by the trial judge. His refusal to do so constitutes reversible error. **Cincinnati Traction Company v Kroger, 114 Oh St, 303.**

The trial court directed the jury to answer certain interrogatories in the event it returned a general verdict. The jury did not sign the interrogatories, and some of them were answered, some were answered evasively and others were not answered at all. If these are proper interrogatories, the trial court unquestionably committed prejudicial error in excusing the jury without having the interrogatories answered and signed by at least nine jurors. **Railway & Light Company v Hanaway, 7 Oh Ap 99. Krippendorf v Bonte, 9 Oh Ap, 130. Davis v Turner, 69 Oh St, 101.** But, as we see it, the answers to the interrogatories or any one of them, would neither test the correctness of the general verdict nor be determinative of the issues or any one of them, involved in this lawsuit. At most, if answered they would have elicited only certain evidentiary facts, and hence the trial court might very properly have refused to have submitted them to the jury. **Schweinfurth v The C. C. C. & St. L. Ry. Co., 60 Oh St, 215.** Inasmuch as the trial court could have, without committing any error, refused to have submitted these interrogatories, it follows that no prejudicial error has intervened in accepting the general verdict without having the interrogatories answered and signed.

The last assignment relates to certain claimed irregularities on the part of the trial judge in re-instructing the jurors or giving to the jurors additional instructions in the absence of and without notice to, plaintiff in error or his counsel.

The record discloses that on the motion for a new trial, plaintiff in error clearly established that the jury, in the absence of plaintiff in error or his counsel, and without notice to them or either of them, came into open court and inquired of the trial court as to whether or not it was required to return a verdict for the full amount sued

for, or whether or not it could determine the amount of the damages plaintiff or defendant had sustained. The trial court told the jury that it had theretofore instructed them on this matter, but the trial court went further and again re-instructed the jury as to its duties regarding the amount it could return in its verdict. The record further discloses that the jurors inquired of the court as to whether or not they were required to answer the interrogatories, and were told by the trial judge that they must answer these interrogatories in the event a general verdict was returned. Manifestly, the trial court gave additional instructions in the absence of plaintiff in error and his counsel and without notice to plaintiff in error or his counsel of its intention to do so.

Sec 11452, GC, reads:

"After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

This section of the General Code has been interpreted by our Supreme Court in the case of **Cleaners & Dyers v Benner, 123 Oh St, 482.** In this case, Judge Allen, speaking for the court, said:

"Under §11452, GC, it is reversible error for a trial court, in the absence of and without notice to counsel to give additional instructions upon points of law to the jury after the jury has retired for consultation."

Concededly, neither plaintiff in error nor his counsel were present when the trial court gave the additional instructions, or, if we are to play with words, when the trial court reinstructed the jury. Hence, it follows that the trial court, under the rule above set forth, committed reversible error.

All other claims of error to which our attention has been invited, have been noted and we find them to be without merit.

Entertaining these views, it follows that the judgment of the Court of Common Pleas should be reversed and the cause be remanded. Judgment reversed and cause remanded.

KLINGER and CROW, JJ, concur.