## SIKES v. RULFS.

### No. 2941.

Court of Civil Appeals of Texas. El Paso.
Jan. 4, 1934.

Rehearing Denied Jan. 25, 1934.

Butler, Price & Maynor, of Tyler, and Ross Huffmaster, of Kaufman, for appellant.

Wynne & Wynne and Angus G. Wynne, all of Longview, and F. T. Porter, of Terrell, for appellee.

PELPHREY, Chief Justice.

Appellee sued appellant in the county court of Kaufman county seeking to recover the sum of $989, alleged to be his damages arising from a collision between appellant's automobile and appellee's truck on the highway

between Kaufman and Dallas, Tex. The cause was tried to a jury and, upon its findings, judgment for appellee was rendered in the sum of $300.

The sole question presented on the appeal is as to the correctness of the trial court's action in permitting appellee to prove the difference in value of his truck immediately before and after the accident and in submitting to the jury an issue as to such value before and after the collision.

The contention of the appellant is that such issue was not made by the pleadings of appellee and therefore the court erred in its submission.

Appellee alleged his damages thus: "Complaining further, plaintiff avers that in addition to the damages done to plaintiff's car and truck, plaintiff had to have the truck in at an expense of $11.00 and then had to hire another truck to carry on his business and to complete his deliveries, and on account of the fact that repairs could not be procured for his truck he was put to great inconvenience and expense to his damage in the sum of $280.00. To repair his truck and put it in the same condition it was before it was hit, refinishing the body, and the fact that it will never be true and straight again, will cost plaintiff $278.00, while the permanent damage to his truck, because of the fact that it has been destroyed, and will never have the same value, for driving and use, is $420.-00, making the total amount of his damages in the sum of $989.00, all of which damage was caused by the carelessness, negligence and wrong doing of the defendant, committed in Kaufman County, Texas."

Appellee's pleading as to his measure of damage is, as can be seen, quite vague and indefinite and nowhere clearly seeks to recover the difference between the market value of the truck immediately before and immediately after the collision, unless it can be said that his allegation that the permanent damage to his truck, because of the fact that it will never have the same value for driving and use was $420, could be so construed.

However, it is not a general requisite of good pleading that a petition allege a measure of damages. All that is required is that the petition allege facts which are essential to a cause of action, and from which the court can determine the measure. Where the facts are set up in the pleadings, and the cause of action as alleged is supported by the evidence, the measure is a matter of law for the court, and it becomes the duty of the court to inform the jury as to the proper measure. 13 Tex. Jur. § 170, pp. 314, 315, and authorities cited.

After alleging several grounds of negligence on the part of appellant, appellee alleged that the fenders were torn off his truck,

the body mashed in, the chassis wrenched, the door torn, the casings ruined, and the cab torn out, rendering it unfit for use. It thus appears that a cause of action was alleged and damage, leaving the proper measure thereof in the hands of the court.

In this condition of the record the trial court properly admitted the evidence objected to and properly submitted the measure of appellee's damage. The judgment is affirmed.