## SMITH v LIGHTFRITZ et

Ohio Appeals, 9th Dist, Summit Co

No 2550. Decided May 22 1936

182

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, for defendant in error and cross-petitioner in error Henry Lightfritz.

Harris & Subrin, Akron, and J. Earl Cox, Akron, for defendant in error Fred J. Fuehring, as Admr., etc.

## OPINION

By WASHBURN, J.

Mose H. Lightfritz, going to his work cne cold, foggy, winter morning, was riding as a guest with his son, in his son's automobile, and on a narrow residence street in Akron said automobile collided with a loaded truck which was being used in the business of a common carrier of freight and which was parked on said street in violation of both state and municipal law, and in said collision Mose H.

Lightfritz was seriously and permanently injured; he lived about two years thereafter and died from causes other than the injuries received in the collision.

Before his death he brought suit against his son and the owner of said truck, and, the suit being revived in the name of his administrator, was tried, and judgment was obtained against both of said defendants.

Said defendants were represented by separate counsel, and each of them seek a reversal of said judgment in this error proceeding.

So far as said defendant owner is concerned, the cause was submitted to the jury upon the evidence of the plaintiff, no evidence being offered by such owner except a part of his evidence taken by deposition, which was offered by his counsel during the taking of evidence by the plaintiff.

The evidence establishes beyond peradventure that said son and the driver of said truck were negligent, and that such combined negligence was the direct cause of said injuries to Mose H. Lightfritz, and that said Mose H. Lightfritz was not guilty of any contributory negligence.

The recently enacted guest statute was not in force at the time of said accident.

One of the claimed errors on behalf of the owner of said truck is the refusal of the court to direct a verdict in his favor, on the ground that the plaintiff failed to introduce any evidence tending to prove that the negligent acts of said driver were done as an employee of said owner and while acting within the scope of his employment, and it is further claimed that if there was any such evidence, the evidence as a whole establishes that said driver "was not acting within the scope of his employment, but was on business of his own at the time of the accident."

From the testimony of such defendant owner, taken by the plaintiff and introduced partly by the plaintiff and partly by said owner, it appears that he owned the truck and that the driver worked for him; that he had a contract with the 'Roadway Transit, a freight hauling company, * * * to haul freight for them"; that he "supplied the truck to carry the goods, and also the driver of the truck," and that they "furnished the work" and told the driver "where to go and what to take"; and that he had no personal knowledge of where the driver "was going or what he was doing with the truck."

It thus appears that the hauling of the freight load in his truck was done by said owner through his employee, the driver,

and that said owner permitted the Roadway Transit Co. to direct said driver "where to go and what to take," but that the driver was all of the time in the employ of said owner and was acting for such owner and was within the scope of his employment while hauling said freight in accordance with the directions of said transit company.

The testimony of the owner does not indicate that the driver was the servant of any one other than such owner, or that the driver was acting for anyone other than such owner.

Such owner hired the driver, and he alone had the right to discharge him, and when he was hauling freight he was carrying out the contract of such owner with the transit company; he was furthering the business of such owner, and when the transit company directed the driver "where to go and what to take," it did so for said owner and not as a master; it had no contract with the driver and no right to so direct for itself, but only for such owner by virtue of its contract with such owner.

It is therefore apparent that the scope of said driver's employment is to be measured by the directions as to where to go and what to take on the occasion here involved, which were given to him by the transit company. No one connected with the transit company testified in the case, and neither did the driver, and we can find no evidence in the record as to what directions said transit company gave said driver as to the route he should travel or where he should go, and therefore there is no evidence that the driver departed from his duty to his master.

It was assumed in argument that there was evidence in the record disclosing that the freight which was being transported on this truck was shipped from Detroit and consigned to Buffalo, and it was claimed that the court could take judicial notice of the fact that Akron is not upon the most direct route between said two points, but we cannot find the evidence in the record as to the origin and destination of said freight.

A policeman who visited the scene of the accident soon after the accident occurred, was asked if the driver of the truck was there, and he answered "As I recall it, he was visiting his sister across the street."

There is nothing in the record to indicate that such unresponsive answer was anything but a chance remark, based entirely upon hearsay, and we do not regard it as any evidence tending to prove that the truck was at the scene of the accident,

because the driver of the truck was visiting his sister in disobedience of his directions as to where he should go and what he should take on the trip. We regard the established facts that the truck belonged to such owner, and at the time of the accident was in the custody of his driver and was loaded with freight being transported in furtherance of said owner's contract with the transit company, as raising an inference or presumption that such driver was using said truck in the course of his employment by such owner, and, there being no evidence to the contrary, the court did not err in refusing to direct a verdict in favor of said defendant owner; and the finding of the jury on that important issue is not manifestly against the weight of the evidence.

Complaint is made that the verdict rendered in this case is a quotient verdict. To support that claim, the evidence of two jurors was taken, one of the nine who agreed to the verdict, and one of the three who did not sign the verdict.

The general rule of public policy which prevents the taking of the testimony of jurors to impeach their verdict is established law in Ohio, and we think that the yellow slip of paper, having nothing upon it except 12 sums added together and divided by 12, when the verdict was by nine jurors, is not sufficient evidence of misconduct to make evidence of jurors competent to impeach their verdict. But if such evidence is competent, the trial judge was justified in finding that it was not a quotient verdict, because it was not proved that there was an agreement that the quotient ascertained should be binding upon the jurors, and in finding that the evidence did not disclose a failure on the part of any of the jurors signing the verdict to give his individual, untrammeled assent to the amount of the verdict after said quotient was ascertained and before the verdict was rendered.

The fact that three jurors whose estimates of damage were a part of the sum divided by twelve did not sign the verdict, indicates quite persuasively that there was no such agreement made before the quotient was ascertained, and that the nine who signed the verdict freely agreed to the verdict after said quotient was ascertained.

While, under the old system where the foreman alone signed the verdict, it is conceivable that an agreement made before the quotient was ascertained, might be

carried out even against the will of one or more of the jurors who had changed their minds, it is not likely, under the law as it is at the present time, where each juror who agrees must sign, that a juror who is not satisfied with the quotient would nevertheless sign the verdict.

Under the law as now settled by the Supreme Court in reference to the voir dire examination of jurors, we find no prejudicial error in the voir dire examination of the jurors in this case. We find no evidence of bad faith on the part of the attorneys for the plaintiff in reference to said matter.

Complaint is made on behalf of each of the defendants below in reference to the refusal of the court to give some of the special charges which were requested before argument, and complaint is also made in reference to parts of the general charge of the court.

There are a number of these complaints. We shall not take the time to detail them in this opinion, but we have carefully considered all of them. Many of said requests were properly refused, because the subjects had been sufficiently covered by other requests which were given, and ██ some of said requests were properly refused because they were incorrect or there was no evidence in the record which would justify their being given.

The same thing may be said in a general way concerning the criticisms made in reference to the general charge, and all of these matters must be considered in the light of the fact that the record contains undisputed facts which establish beyond peradventure that the driver of said truck and the defendant Henry Lightfritz were each guilty of negligence as a matter of law which directly and concurrently caused the injuries in question, and there was no evidence of contributory negligence on the part of Mose H. Lightfritz.

With those facts in mind, the charge of the court before and after argument was much more favorable to the defendants than they were entitled to, and considering the requests that were given and the general charge, and what is shown by the record in reference thereto, we are clearly of the opinion that there was no error prejudicial to the defendants in connection therewith.

In view of the admonition of the court in reference thereto, there was no prejudicial error in the claimed misconduct of the attorney for plaintiff in argument.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.