### READNOUR, Plaintiff-Appellee, v. CINCINNATI STREET RAILWAY CO., Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6705—Decided November 25, 1946

·James M. McPherson and Wm. B. Petermann, Cincinnati, for Plaintiff-Appellee.

Leo J. Brumleve, Jr., Cincinnati, for Defendant-Appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County in favor of the plaintiff.

The plaintiff loaned her automobile to her husband who used it in his business as a real estate agent. The plaintiff was the bailor of the vehicle, the husband the bailee.

The husband drove the car from a parked position at the curb of Erie Avenue in the City of Cincinnati into the path of a street car operated by employees of the defendant. There is evidence in so doing he was guilty of negligence. There is also substantial evidence that the defendant was also guilty of negligence, in that the street car was proceeding at an unreasonable speed and that the operator thereof was not keeping a proper lookout.

In other words, there is evidence that the negligence of the husband and the defendant concurred in causing the damage to the automobile of the plaintiff.

The defendant claims that the trial court should have instructed a verdict for the defendant—(1) because the plaintiff was not the real party in interest.

The basis for this contention is that the automobile of the plaintiff was taken to a garage for repairs. That the repairs were made, and that the husband paid the repair bill, hence, the plaintiff suffered no damage, and if there is any claim against the defendant, it would be that of the husband who would be subrogated to the rights of the plaintiff.

From the evidence it appears that a representative of the garage testified the husband had paid the bill for repairs. The plaintiff testified that she paid $973.56 for the repairs. Without further amplification of the evidence, the jury were warranted in concluding that the husband paid the bill for his wife, and that she either reimbursed him or gave him the money to pay the bill. Her testimony is positive, that she paid the bill. This disposes of this contention adversely to the defendant.

(2) It is asserted by the defendant that the collision occurred solely through the negligence of the husband. The evidence does not sustain this contention. There was substantial evidence that the street car was operated at an unreasonable speed, and that the motorman was not keeping a proper lookout, had his head turned, and was talking to a man near him just before the collision occurred.

(3) It is claimed by the defendant that the husband was guilty of contributory negligence. Such negligence, even if it existed, could not be imputed to the bailor, plaintiff. 5 O. Jur. 121, 122. Conart Motor Sales, Inc., v. Shullo, et al, 27 Oh Ap 423.

It is also claimed by the defendant that the court erred in giving special charges in effect stating that the negligence, if any, of the husband, bailee, could not be imputed to the plaintiff, bailor. The court committed no error in so instructing the jury.

The defendant claims error also in the refusal of the trial court to give the following special charge:

"The Court charges you that the motorman had a right to assume that the plaintiff's husband would see what ordinarily prudent persons, situated in the same or similar circumstances as those of the operator of the automobile, would see; and, if you find that ordinarily prudent persons so situated would have seen the approach of the street car and would not have started the automobile until the street car had passed and plaintiff's husband failed so to do, then he was negligent."

There were only three issues in the case:— (1) Was the defendant negligent? (2) was the plaintiff damaged as the proximate result of such negligence? (3) the amount of damages.

If the defendant was not negligent, then the plaintiff could not recover. If the defendant was negligent, and such negligence was a proximate or contributing cause of the damage to the automobile of plaintiff, whether or not the negligence of some person other than defendant concurred in causing such damage, is wholly immaterial.

The proper defense of the defendant was limited to a denial of his negligence. Allegation of the negligence of a third party had no place in the case. This charge, therefore, which dealt with the negligence of a third party applied to an extraneous issue. Whether the jury under the special charge would find negligence or not could make no difference. Suppose a special interrogatory had been predicated upon this special charge. An answer of negligence or no negligence would not have been pertinent to issue properly presented to the jury which was whether or not the de-

fendant was negligent. The Court properly refused the special charge.

Contrary to the claim of the defendant, evidence appears in the Bill of Exceptions sustaining the amount of the verdict.

The defendant also makes some claim that the action of the jury constituted a "quotient verdict." Even if there were any substantial evidence to this effect, which does not appear, there is no showing that the jury agreed in advance that it would be bound by a quotient finding or that the verdict was not the verdict of the jury. 39 **O. Jur. 1104; Kidwell v. McPherson, 28 Abs 157; Smith v. Lightfritz, 22 Abs 181.**

For these reasons, the judgment of the Court of Common Pleas is affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur in syllabus, opinion and judgment.