341 P.2d 891

**Louis U. MITCHELL, Plaintiff-Respondent,**

v.

**Melvin L. DYER, Defendant-Appellant.**

No. 8724.

Supreme Court of Idaho.

June 30, 1959.

Ferebauer & Petersen, Idaho Falls, for respondent.

A. A. Merrill, Idaho Falls, for appellant.

McQUADE, Justice.

This appeal is taken from a judgment in favor of the plaintiff and against the de-

fendant in the sum of $300, representing loss of value to the plaintiff's automobile as the result of a collision which occurred February 2, 1956, on a paved highway between the towns of Irwin and Swan Valley, Idaho.

Between 5 p. m. and 5:30 p. m., at dusk, plaintiff, to start the engine of his automobile, was being towed by a truck along the snowbanked, partially ice-covered highway. About one mile northwesterly from Irwin, the engine commenced running, leaving a white cloud behind the automobile. Upon a hand signal from the plaintiff, indicating the motor was running, the driver of the truck brought the vehicle to a stop as near to the snowbank on the right side as possible, the vehicles coming to rest one or two feet from the center line of the highway. The occupant of the truck emerged and walked back to the towed automobile. A pickup truck, never observed by them, passed the two vehicles, traveling in the opposite direction.

The defendant, traveling in the same northwesterly direction as the plaintiff upon the variegated, icy pavement, at about 20 to 25 miles per hour, saw the cloud of smoke come up from the rear of the plaintiff's automobile at about 500 feet in the distance. In the series of events which occurred, the defendant saw the driver of the truck jump between the car and the truck, observed the approaching pickup truck, and during the effort to bring his car to a stop, defendant's car commenced sliding on the ice, skidding sideways just before colliding with plaintiff's automobile. The defendant gave conflicting testimony as to whether under the circumstances of the road he was operating his motor vehicle at an excessive speed.

In the amended complaint, the plaintiff enumerated parts of the car which were damaged, and estimated the cost of repair to be $615.51, and further alleged that such damage was occasioned through the defendant's negligence, viz., failure to keep a proper lookout, and excessive speed.

The defendant in his answer denied liability, and by way of cross-complaint sought damages to his automobile in the sum of $359, alleging that such damages were occasioned by the negligence of the plaintiff, viz., failure to put out warning lights or flares, failure to keep a proper lookout for other vehicular traffic, stopping on the highway, and failure to move the vehicle off the highway.

Proof of damages by the plaintiff was limited to the value of his car before the collision and the amount received as a trade-in about two months thereafter, in the sum of $300. The jury favored the plaintiff's theory of negligence, and awarded him a verdict of $300, a sum substantially less than the $615.51 prayed for in the complaint.

Appellant assigns error on the following grounds: that the measure of damages is at variance with the pleadings; that the trial court erred in denying motion for nonsuit, motion for directed verdict, motion for judgment non obstante veredicto, and motion for new trial; that the plaintiff was not the real party in interest because he was no longer possessed of the damaged automobile; that the plaintiff was permitted to testify to the value of the car before and after the accident; that the trial court refused to admit testimony and to instruct the jury regarding plaintiff's failure to put out flares; that the court asked counsel, in the presence of the jury, whether the parties had stipulated the amount of damages; that the court erred in giving instruction no. 21, to the effect that the measure of damages would be the cost of repair unless greater than the value of the automobile, in which event the measure of damages would be the difference in value of the vehicle before and after the accident; or, if repairs were impracticable, the measure of damages would be the actual loss sustained.

· Appellant's contentions that the trial court erred in denying his motions for nonsuit, for directed verdict, for judgment n. o. v. and for new trial are all directed at the variance between pleading and proof as to the measure of damages, the plaintiff having pleaded the cost of repair and submitted evidence of the value of the car before and after the accident.

Where the allegations of damage to an automobile amount to no more than a description of the injuries to the automobile, the plaintiff need not prove damage to each enumerated part. It is proper in such case for him to prove the difference in value of the car before and after the injury.

"* * * Evidence of the reasonable value of repairs to a damaged automobile, to show the difference in its value before and after it was injured is admissible. * * *" Baldwin v. Mittry, 61 Idaho 427, 102 P.2d 643, 646.

See also 25 C.J.S. Damages § 143a, p. 781, note 40.

In Frazier v. Semoff, 21 Ohio App. 6, 152 N.E. 780, 781, the Court said:

"* * * the petition avers that the plaintiff's automobile was damaged by breaking the windshield, smashing the cab, breaking the fender, the running board, the lights, and radiator, and wrecking the frame of the chassis, all to plaintiff's damage in the sum of $1,-000. The damage was proved by showing the market value of the truck just before it hit the car standing in the road and the market value of it immediately thereafter. We think this was entirely proper, and that the plaintiff would not be required to prove his damages by showing the damage to

each specific part of the automobile truck or any appliance thereon. The averment as to damages amounted to no more than describing and characterizing the damages to the automobile."

Under similar facts, the Court in Sikes v. Rulfs, Tex.Civ.App., 67 S.W.2d 405, 406, stated:

"However, it is not a general requisite of good pleading that a petition allege a measure of damages. All that is required is that the petition allege facts which are essential to a cause of action, and from which the court can determine the measure. Where the facts are set up in the pleadings, and the cause of action as alleged is supported by the evidence, the measure is a matter of law for the court, and it becomes the duty of the court to inform the jury as to the proper measure. * * *"

■■ Plaintiff's testimony as to value of the car was properly admitted. The owner of an automobile is competent to testify to its value. Garrett v. Neitzel, 48 Idaho 727, 285 P. 472; Bancroft v. Smith, 80 Idaho 63, 323 P.2d 879. Plaintiff's testimony as to value of the car before and after the accident was not contradicted. The evidence as a whole is sufficient to support the verdict and the judgment for plaintiff in this amount.

■ The plaintiff did not cease to be the real party in interest when he sold the automobile. The owner of personal property at the time of an act damaging it, and not the person to whom he sold it in damaged condition, is the real party in interest and may maintain an action for the damage done. 39 Am.Jur., Parties, sec. 17, p. 872. See also Chambers v. Cunningham, 153 Okl. 129, 5 P.2d 378, 78 A.L.R. 905; Wilde v. Hansen, 70 Idaho 8, 211 P.2d 153.

■■ Plaintiff did not put out flares to warn oncoming motorists that the two vehicles were stopped on the highway. However, if flares were required in this instance, he had no opportunity to place them before the accident occurred. Plaintiff's car was still running, and smoke was coming from the exhaust, when defendant first observed it from a distance of 500 feet, just before the collision.

Where a vehicle is stopped on a highway and flares are required, the operator must be allowed sufficient time to enable him to place the lights. Bornemann v. Lusha, 221 Wis. 359, 266 N.W. 789; Gerlot v. Swartz, 212 Ind. 292, 7 N.E.2d 960; 111 A.L.R. 1519.

■ The questions by the trial court which appellant cites as error are:

"Gentlemen have counsel been able to stipulate the amount of damages

without admitting that they are responsible for them?"

and

"Do you want to identify it [the estimate of cost of repair] by this witness Mr. Ferebauer?"

We find no implication therein that would mislead the jury, particularly in view of plaintiff's testimony that the car was not in fact repaired, but was sold in its damaged condition.

Instruction no. 21 was not damaging to the defendant, in that it permitted the jury to assess the damages and the jury did in fact assess damages in a lesser sum than the measure of damages urged by defendant.

Appellant does not assign as error the insufficiency of the evidence to support a verdict for the plaintiff on either the issue of defendant's negligence or of absence of contributory negligence on the part of the plaintiff.

The remaining instructions which defendant cites as error are standard instructions, and we find no error therein.

The judgment is affirmed.

Costs to respondent.

TAYLOR, SMITH, and KNUDSON, JJ., and CARVER, District Judge, concur.

PORTER, C. J., not participating.