DEEP ROCK OIL CORP. v. MICCO.

No. 35462.

Supreme Court of Oklahoma.

Sept. 15, 1953.

Rehearing Denied Oct. 27, 1953.

452

W. T. Anglin, Alfred Stevenson and O. S. Huser, Holdenville, for plaintiff in error.

Charles E. Grounds and E. Keith Cooper, Seminole, for defendant in error.

WILLIAMS, Justice.

Parties are referred to as in the trial court.

Plaintiff, Lucy Micco, now Wise, sued defendant, Deep Rock Oil Corporation, for damages to her land incident to the operation of an oil and gas mining lease owned by defendant, adjacent to plaintiff's land. Defendant's answer included the affirmative defense of estoppel by judgment. Plaintiff recovered judgment in the trial court, and defendant has duly appealed.

Brief of defendant presents alleged errors of the trial court under four propositions: error in failing to hold that plaintiff was estopped by a prior judgment in federal court; error in failing to instruct the jury to return a verdict for defendant; error in the giving of two instructions; and error in admitting incompetent, irrelevant and immaterial testimony. They will be considered in that order.

The prior judgment was rendered in a suit filed in 1942 in the Superior Court of Seminole County, and thereafter removed to the United States District Court. Most of the records in that suit are before us as exhibits in the case at bar; an examination of them discloses that the allegations, pleadings, etc., are substantially the same as in the instant case, except as to the time when

the acts of negligence complained of occurred. The pollution complained of in the instant case occurred since the rendition of the federal court judgment. Defendant argues that the prior judgment was for original and permanent damages to the entire tract of land described in this case, and that the plaintiff therefore has already been paid for the damages for which the instant suit is brought.

The findings of fact of the federal court, omitting formal parts, include the following:

"The Court finds that Lucy Micco, now Wise, the plaintiff, is a full-blood Seminole Indian, Roll No. 591, and that she was allotted and is now the owner of the following described land, to-wit:

Lots 3 and 4 and the SE of the SW and the W½ of the NE of the SW of Section 30, Township 8 North, Range 8 East, Seminole County, Oklahoma;

that said land is tax exempt, restricted and not subject to alienation. * * *

"That for approximately ten years the defendants have permitted salt water to escape from their said leases and to flow over and across Lot 3 and the West Half of the Northeast Quarter of the Southwest Quarter of the lands of the plaintiff above described; that approximately six acres of said land has been totally and permanently ruined and destroyed, and all the vegetation thereon has been killed; that prior to the release of the salt water on said land, there were 40 or 50 pecan trees which produced pecans, all of which trees have been killed by salt water pollution.

"That the land of the plaintiff above described has been damaged and depreciated in value in the amount of Five Hundred ($500.00) Dollars by reason of the acts of the defendants and that said damage is permanent."

The conclusions of law included:

"That the defendants are liable to the plaintiff for the damages aforesaid, for past, present and future damages, by reason of said acts of pollution heretofore committed.

"That plaintiff is entitled to judgment against the defendants for said damages and the costs of this action, and judgment should be entered accordingly."

█ It is to be noted that the only damage specifically found to have occurred was the damage to the six acres and the pecan trees. We therefore conclude that the federal court intended to award damages for those items only, and that the award did not go to the entire tract of land involved.

At the beginning of the trial of this case in the court below, plaintiff dismissed her action as to the six acres of land covered by the prior judgment.

The elements essential to the invoking of the doctrine of estoppel by former recovery, or res judicata, are listed as follows in 50 C.J.S., Judgments, § 598: identity in the thing sued for, identity in the cause of action, identity of persons or parties to the action, and identity of quality in the persons for or against whom the claim is made. These same essentials are listed in In re Widener's Estate, 112 Okl. 54, 240 P. 608.

Since the acts of negligence complained of in the case at bar were not the same acts complained of in the federal court case, the causes of action were not the same, and the defense of estoppel by judgment, or former recovery, is not applicable.

██ Defendant's next contention (error in failing to instruct the jury to return a verdict for defendant) goes to the sufficiency of the evidence. Six witnesses testified for plaintiff and seven testified for defendant; each side introduced various exhibits as documentary evidence. Some of the witnesses testified from maps, and others used rather informal terminology in designating various barren spots of land; for those reasons, we will not set out the evidence here. We have examined it thoroughly and find that there was competent evidence reasonably tending to show that the pollution had occurred for the past three years; that the land had been damaged thereby; that such pollution came from wells operated by defendant; and that different portions of the land had decreased in value in various amounts which

**454**

totaled considerably more than the amount of the jury's verdict. Under those circumstances, the following rule of law applies:

"In a law action tried to a jury, this court on appeal will not reverse the judgment because of insufficiency of the evidence where there is competent evidence reasonably tending to support the judgment." Chambers v. Cunningham, 153 Okl. 129, 5 P.2d 378, 78 A.L.R. 905.

■ Defendant's third contention was that the court erred in giving two instructions to the jury which had the effect of informing the jury that the measure of damages was the difference in the fair market value of the land before and after the pollution complained of, and that plaintiff could not recover unless the jury found that more than the six acres covered in the federal court judgment had been damaged. Defendant argues that the true measure of damages should have been based on the fair market value of the land *immediately* before the pollution complained of, and that the instruction as given allowed the jury to award damages which had previously been recovered in the federal court judgment. While the measure of damages stated by defendant may be technically correct, we cannot agree that the jury was misled by the instructions. In these and other instructions, the court fully and adequately informed the jury of the federal court judgment, its amount, and what it covered. The jury was further instructed that plaintiff could not recover unless she proved damages other than those to the six acres of land for which she had recovered in the federal court judgment (as to which her action in this case had previously been dismissed as hereinabove noted).

■ Defendant also argues that "under the instructions of the court the jury would be at liberty to charge this defendant with any damages caused to the farm by reason of the pollution of the surface by Burke-Greis Oil Company" which was operating wells near by; that under the evidence herein, there was no commingling of the polluted substance to produce a single injury, and therefore defendant was not responsible for damages caused by the Burke-Greis Oil Company.

In this connection, we note that various instructions to the jury in the instant case included the following (emphasis supplied):

"You are instructed * * * that the burden of proof is on the plaintiff to establish every material allegation of her petition. * * * The material allegations referred to are: first, the pollution or contribution to the pollution of the within described land *by the defendant.* Second, the *resulting damage,* if any, and the amount thereof.

"* * * and in order for you to find against the defendant you must find that he did in fact contribute to the pollution of the said above described land * * *.

"You are instructed that the measure of damages * * * is the difference in the fair market value to that land prior to pollution *by this defendant* * * *.

"* * * you will take into consideration * * * damages sustained by this plaintiff *because of the wrongful acts of the defendant* in excess of 6 acres of land heretofore adjudged by the Federal Court as having been damaged."

In view of the above, we think the members of the jury were sufficiently apprised of the fact that defendant was liable only for damages caused by its own negligence, not the negligence of Burke-Greis. We note also that defendant did not submit a requested instruction stating specifically that defendant was not liable for damages caused by the negligence of Burke-Greis.

■■ Defendant's last contention is that the court erred in admitting the testimony of witness Caldwell who testified as to the condition of the land involved almost two years after the case was filed, because such testimony was too remote in point of time, and that plaintiff did not show similarity of conditions existing at the time of the alleged negligence and the time when he analyzed the soil. In support thereof, defendant cites

Skelly Oil Company v. Jordan, 186 Okl. 130, 96 P.2d 524.

This witness testified as to an analysis of the soil, over the general objection of incompetency, irrelevancy, and immateriality.

The question, then, is: Did such general objection in this case raise the objection of remoteness in point of time? For reasons which are set out below, we hold that it did not.

Title 12 O.S.1951 § 424 provides in substance that an objection that offered testimony is incompetent, irrelevant and immaterial covers all matters ordinarily embraced within such objections, without the necessity of more specifically stating the grounds of the objection, unless such statement is requested. A thorough discussion of the effect of this statute is included in McDonald v. Strawn, 78 Okl. 271, 190 P. 558, 562, wherein this court said:

"But there is this exception to the general rule: If the objection cannot be obviated or if the evidence is clearly inadmissible for any purpose, a general objection is sufficient. We have shown that the reason for the general rule is this: The ground of the objection should be specific enough to advise the trial court the exact point on which the ruling is asked, and also advise opposing counsel. It is neither the duty of the trial judge nor opposing counsel to explore the whole domain of the law of evidence in an effort to find out just why the evidence objected to is not admissible. The proper test for determining whether or not a thing is within a rule is to ascertain whether it is within the reason of the rule, and, if not within the reason of the rule, it is not within the rule. Thus, if the inadmissibility of the evidence is apparent on its face no casting around by the court or counsel for a ground of exclusion is necessary."

At the time of the objection to the testimony of the witness Caldwell, the record did not reflect the alleged fact that the analysis of the soil was made at a time too remote from the acts of damage alleged to be of any probative value as evidence. True, the witness had first seen the land only a week before testifying and some 21 or 22 months after the filing of this action. But escape of salt water had been permitted to continue for fifteen years, including nine years intervening between the filing of the former action and the trial of this suit. We do not believe the statute above referred to was enacted for the purpose of requiring the trial court, under such circumstances, to "cast around to discover a ground of exclusion", but that it requires only that the trial court take notice of grounds of objections to evidence which are apparent from the record and proceedings at that time.

We therefore hold that the objection to the testimony as being too remote in point of time was not properly raised in the trial court. Under such circumstances, it cannot be considered on appeal. See Eichoff v. Russell, 46 Okl. 512, 149 P. 146, 147, wherein this court said:

"Whether the court erred in the admission of testimony will not be considered, where no objections are made to the introduction of the testimony when offered."

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and DAVISON, ARNOLD and BLACKBIRD, JJ., concur.

HALLEY, C. J., and WELCH, CORN and O'NEAL, JJ., dissent.