(116 So. 154)
### LIFE & CASUALTY INS. CO. v. CAIN.
(6 Div. 102.)

Supreme Court of Alabama. March 22, 1928.

1. **Insurance ⬤⟿84(6)—Count for breach of verbal contract to pay plaintiff for procuring purchasers of insurance issued by defendant held good as against demurrer.**

Count claiming named sum for breach of verbal contract under which plaintiff agreed to solicit and procure purchasers of insurance to be issued by defendant, for which defendant was to pay named commissions, alleging plaintiff's performance and defendant's refusal to pay amount earned, *held* good as against demurrer.

2. **Work and labor ⬤⟿22—Common count for work and labor, substantially following form set out in Code, held not demurrable (Code 1923, vol. 4, p. 501, form 10).**

Common count for work and labor, alleging request by employees while acting in line and scope of agency instead of alleging that work and labor was performed by plaintiff for defendant at his request as prescribed by Code 1923, vol. 4, p. 501, form 10, *held* not demurrable.

3. **Evidence ⬤⟿220(6)—Admitting written statements showing plaintiff's earnings for each week of service for limited purpose only of showing defendant's admission held proper.**

In action by a life insurance solicitor to recover commissions earned under verbal contract to solicit for defendant purchasers of life insurance, permitting in evidence statements prepared by plaintiff showing his earnings for each week of service was without error, where statements were copies he was required to make and deliver to defendant from week to week, and, since defendant made no objection at time they were delivered to him, statements were competent as in nature of admissions.

4. **Appeal and error ⬤⟿1005(4)—Where question whether there was contract was for jury, reviewing court cannot say denial of new trial because verdict was against weight of evidence was error.**

Where soliciting agent sued insurance company for commissions for procuring purchasers of life insurance for defendant, since question whether insurance company made a contract with plaintiff was for jury, reviewing court cannot say that trial court committed error in overruling defendant's motion for new trial because verdict was contrary to weight of evidence.

5. **Trial ⬤⟿133(6)—Improper argument referring to life insurance companies as richest people in country held cured by instruction to disregard.**

In action to recover commissions earned by plaintiff in soliciting life insurance for defendant insurance company, statement in argument referring to life insurance companies as the richest people in the country *held* not so highly improper as to be beyond cure by court's instructions that it should not be considered.

6. **Trial ⬤⟿133(6)—Argument referring to life insurance companies as richest people in country held not error, after granting motion to exclude argument.**

In action to recover commissions earned by life insurance solicitor, statement in argument referring to life insurance companies as richest people in the country *held* not so improper as to authorize withdrawal and continuance of case after defendant's motion to exclude remarks of counsel had been granted.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Leroy A. Cain against the Life & Casualty Insurance Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Count 2 is on an account.

Count 3 is as follows:

"Plaintiff claims of defendant $238, together with interest thereon, for the breach of a verbal contract entered into by plaintiff with defendant on, to wit, February 1, 1926, by the terms of which said contract plaintiff agreed to solicit and procure for defendant, purchasers of insurance to be issued by defendant, and defendant agreed, in consideration of plaintiff's procuring said purchasers of insurance for defendant, to pay to plaintiff certain commissions, together with an amount of money equal to twenty times the increase of premiums on said insurance procured by plaintiff; and plaintiff avers that, although he faithfully fulfilled all of the provisions of said contract on his part, and procured purchasers of defendant's insurance policies, making an increase of business thereon of, to wit, $11.90, defendant failed or refused to comply with the following provision of said contract on its part, namely, to wit, defendant failed or refused to pay to plaintiff such an amount of money as would equal twenty times said increase of, to wit, $11.90, for which said sum the plaintiff sues."

Count 4 is similar to count 3.

The argument of counsel for plaintiff to which objection was taken is as follows:

"When it comes to paying out some money with these great aggregations, the life insurance companies, the richest people in this country. * * * *"

Jacobs & Carmack, of Birmingham, for appellant.

Motion for mistrial and continuance of the case because of highly improper and prejudi-

cial argument of counsel should have been granted. Ala. F. & I. Co. v. Andrews, 212 Ala. 336, 102 So. 799; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130. Counsel argue other questions, but without citing additional authorities.

Barber & Barber, of Birmingham, for appellee.

The argument used by counsel for plaintiff was not objectionable, but, if so, its effect was removed by the action of the court. B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Wolffe v. Minnis, 74 Ala. 386; 38 Cyc. 1502; Feore v. Trammel, 212 Ala. 325, 102 So. 529.

SAYRE, J. [1, 2] The demurrer to the several counts of the complaint was overruled without error. It seems proper to say of count 1 that it was an elaboration of the common count for work and labor done. The pleader, instead of alleging simply that the work and labor had been done by the plaintiff for the defendant at its request (4 Code, form 10, p. 501), alleged a request "made by a servant, agent, or employee of defendant whilst acting within the line and scope of his service to, agency for, or employment by defendant." This multiplication of words was unnecessary, but the result was substantially the same as the form set out in the Code, and no harm was done.

[3] Plaintiff was allowed to introduce a number of statements in writing showing his earnings for each week of his service with defendant. These statements had been prepared by him, and, of course, if this were the whole story, they should have been excluded. But plaintiff's testimony was that these statements were copies, made at the time, of statements he was required to make, and which he had made and delivered to defendant from week to week, and the inference was that defendant made no objection at the time. They were competent as in the nature of admissions. These statements were made on blank forms furnished by defendant, and it is true, as appellant suggests, that a footnote printed on each of them stipulated that the defendant would not be responsible for errors made by agents. But plaintiff testified, in substance, that the statements were correct. This made them admissible for the limited purpose stated.

[4] Defendant complains that it made one contract with plaintiff, and that plaintiff was allowed to recover on another and different contract. It is doubtful on the record that plaintiff was entitled to recover; but the evidence was in conflict and great confusion —so appellant concedes—as to the terms of the contract between the parties. Plaintiff and Clayton, who was one of defendant's superintendents of agents at the time plain-

tiff took service with defendant, testified in support of plaintiff's version of the contract. They testified to a contract in agreement with plaintiff's contention and to facts from which the jury may have inferred that Adams, who was general manager of defendant's Birmingham office, was familiar with its terms. It is clear that as a rule defendant made no such contracts with its soliciting agents. But it was for the jury to say in the circumstances of the present case what the contract with plaintiff was, and this court, with the view obtainable from this standpoint, is unable safely to say the trial court committed error in overruling defendant's motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence.

[5, 6] It is reasonably clear that appellant's hope of a reversal depends in the main upon the assignment of error which relates to the court's action upon its objection to an argument made by plaintiff's attorney when discussing the case before the jury. The statement by counsel was improper, but not so highly improper as to be beyond the cure of the court's instruction that it was improper and should not be considered by the jury. Appellant complains that the court's ruling was perfunctory and lacking in that promptness and emphasis required by the decisions of this court in such cases. But that we cannot find on the face of the record. Nor do we find the impropriety of plaintiff's argument to the jury so great as to have demanded the withdrawal and continuance of the case, as defendant suggested after its motion to exclude the remarks of counsel had been granted by the court.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.