141 So. 267

**HEATON v. SLATEN et al.**

7 Div. 853.

Court of Appeals of Alabama.
April 12, 1932.

Scott & Dawson, of Ft. Payne, for appellant.

Thos. W. Millican, of Ft. Payne, for appellees.

SAMFORD, J.

■ The plaintiffs in this action claim damages of the defendant for the conversion by him of certain crops raised by plaintiffs during the year 1930, on the lands of defendant, which plaintiffs claim they planted and cultivated as tenants of defendant under an agreement whereby defendant was to furnish the land, teams, and one-half the fertilizer, and plaintiffs were to furnish the labor and one-half the fertilizer; the crops, when raised and gathered, to be divided equally.

The contract as set out in the pleading and testified to by the parties constituted an agreement by which defendant was the landlord and the plaintiffs were tenants for the year 1930. Code 1923, § 8807.

One of the points in controversy was whether the contract was made between defendant and J. A. Slaten, and he in turn made an independent agreement with his brother W. D. Slaten, or whether the agreement was entered into by and between defendant on the one hand and J. A. and W. D. Slaten jointly on the other. It was admitted on all sides that J. A. did all of the negotiating, signed all the notes, but there was some testimony tending to prove that J. A. was acting both for himself and W. D., and that defendant knew this and agreed to it. There was sufficient evidence on this point to submit the question to the jury.

■ If, therefore, plaintiffs were the tenants of defendant under an agreement whereby they were jointly interested in the crops grown by them on defendant's land and no breach of the tenancy agreement having occurred, plaintiffs were entitled to the possession of the crops subject to defendant's lien for rent and advances; and if defendant wrongfully converted the crops to his own use, or to the use of another, he would be liable to plaintiffs jointly for such damage as they might sustain by the unlawful act. Stewart v. Young, 212 Ala. 426, 103 So. 44.

■ In a contract governed by section 8807 of the Code of 1923, hereinabove alluded to, the tenant has certain rights which the landlord is bound to respect; so long as the tenant in good faith continues the tenancy he has a leasehold estate in the lands upon which the crops are being grown, is entitled to possession to the exclusion of the landlord, and the possession of the crops when gathered merely remains as it is, subject to the landlord's lien. When, however, the tenant abandons or removes from the premises, or any part thereof, the tenancy to all intents and purposes ceases, and the landlord or his agent may seize upon the crops grown or growing upon the premises or part thereof so abandoned, whether the rent is due or not. If the crops are not fully grown or matured, the landlord or his agent may cause the same to be properly cultivated and harvested, and may sell or dispose of the same and apply the proceeds, so far as may be necessary, to compensate him for his labor and expenses, and to pay the rent and advances. Code 1923, § 8830.

There are two contingencies provided for in the above section by and through which the tenant loses his right to continue his tenancy. When he removes from the premises and leaves the crop unattended and unprotected the landlord may take charge as is provided in the section of Code, supra.

Abandonment of the whole or a part presents a more difficult question. So long as the tenant diligently cultivates the land and the crops growing thereon, the landlord may not interfere with his tenancy. But if the tenant willfully fails or neglects to cultivate the land and crops at the times and seasons required to bring the crops to maturity, this would constitute an abandonment, within the meaning of the statute. A difference of opinion as to method and manner of cultivation between the landlord and tenant would not, however, justify the landlord in taking charge and evicting the tenant; it is only when the tenant by his own willful act has abandoned the premises or a part thereof that the statute applies. And the burden of proving the abandonment rests on the party asserting it. Lindblom v. Rocks (C. C. A.) 146 F. 660; 1 C. J. 11 (17). The question of abandonment is one of fact to be determined by the jury from all the circumstances in the case. 1 Corpus Juris 18 (19).

In the instant case, the evidence was in conflict; that for the plaintiffs tending to prove that there was no abandonment, and that defendant disregarding the rights of plaintiffs, waited until the crop was made and "laid by," and then went in, dispossessed plaintiffs, and took charge of the crop, excluding plaintiffs from all participation therein. If this was so, the defendant was guilty of conversion, and whatever damage the plaintiffs sustained by the wrongful conversion was recoverable in this action. The evidence for defendant was contrary to the above, but the question was one of fact, and we will not disturb the finding of the jury.

■ If the seizure of the crops by defendant was wrongful, he would not then be entitled to the expenses in the gathering of the crops, and as to this the jury so found.

■ There were several questions raised by special pleas, demurrers, etc., and the rulings thereon, but all these questions became immaterial by reason of the fact that there was a plea of not guilty, which puts in issue every matter pleadable in bar of a recovery except a release. Alabama Southern Digest. Vol. 27, page 350, ☞34 (5).

■ The sale of the cotton and the removal of the corn and fodder from the rented prem-

ises and the assumption of sole ownership by the defendant was, if wrongful, such a conversion for which action will lie. Howton v. Mathias, 197 Ala. 457, 73 So. 92.

The verdict of the jury was in favor of plaintiffs for $36.60. This, according to the valuation placed on the crops by the witnesses, fixed the valuation of the corn, cotton, and fodder at $443.70. One-half of this belongs to plaintiffs, $221.85; against this was charged to plaintiffs $122.00 for fertilizer and $25.85 and $32.50 for gathering. This would have entitled plaintiffs to a verdict for $41.50. The verdict was for $36.60. The defendant cannot complain.

There is no prejudicial error, and the judgment is affirmed.

Affirmed.