17096

MARGARET B. NEWMAN, Respondent, v. IRA E. BROWN and
THE AMERICAN CASUALTY COMPANY, Appellants

(90 S. E. (2d) 649)

*Messrs. Whaley & McCutchen,* and *Hoover C. Blanton,* of Columbia, *for Appellants,*

*Messrs. J. E. Belser, Jr.,* and *T. C. Dukes,* of Columbia, *for Respondents,*

December 15, 1955.

STUKES, Justice.

This is an unusual negligence case. The defendants, now appellants, admit liability and, in effect, concede that the common carrier truck of the defendant Brown was negligently parked and, unoccupied, rolled into and against plaintiff's automobile, which was also unoccupied. It was crushed between the large truck and the concrete loading platform against which it was parked, and its front and rear ends were demolished. The codefendant is Brown's public liability insurance carrier. The only issue submitted to the trial jury was the amount of actual damages suffered by plaintiff on account of the extensive injuries to her automobile.

It was a 1951 model DeSoto which was purchased new by her in April 1951 for about $2,700.00. She used it for going to and from her work (her husband is an invalid) and it had been driven only a few times out of the City of Columbia and then for a distance of only twenty-five miles on the Sumter Highway. Plaintiff and another witness testified that it had been well cared for and was in new condition at the time of the accident on June 26, 1954. It had been driven a total of about 14,000 miles. After the accident she had it towed to the garage of the dealer from whom she had purchased it and it had not been repaired at the time of the trial in January 1955. Meanwhile she used a rented automobile.

An appraiser, who was employed in the case by the insurance company, testified for the defendants that he estimated the cost of repairs at $827.78 which did not include all new parts. The frame of the automobile was damaged and bent, but the witness thought it could be straightened. Another witness for the defendants was the service manager of the automobile agency from which plaintiff's car had been purchased. He estimated the repairs at $1,023.96, which provided for all new parts, including frame, which would put the car in first class condition; but the witness added on cross examination that it would not be worth as much as before the wreck. We quote from his testimony: "A wrecked car is always a wrecked car, regardless of where you carry it or try to trade it in, or anything else, it's a wrecked car." He further said that he did not want a wrecked car of any kind and if it were his he would trade it unrepaired, as it was worth only the salvage value. He estimated the latter at, quoting, "probably five or five hundred and fifty dollars, maybe." These witnesses estimated the time necessary to make the repairs at two weeks.

The jury returned verdict for the plaintiff of $2,283.00. On motion for new trial the court ordered such unless the plaintiff agreed to reduction of the verdict by the amount of $125.00, which plaintiff did and entered judgment in the sum of $2,158.00.

The first ground of appeal is the alleged excessiveness of the verdict. While the verdict is undoubtedly a full one, even as reduced by the trial judge by means of his order *nisi,* it is not such as to warrant reversal on appeal. For that it is necessary that a verdict be so excessive as to indicate that it was the result of prejudice, caprice, passion, or other consideration not found in the evidence. Likewise, a verdict of such a nature should, on motion, be set aside by the trial judge; but if he merely finds it to be excessive or unduly liberal, he has the power, and with it the responsibility, or setting it aside or reducing it by granting a new trial *nisi. Vernon v. Atlantic Coast Line R. Co.,*

221 S. C. 376, 70 S. E. (2d) 862. See also, *Anderson v. Elliott,* S. C., 90 S. E. (2d) 367, and cases there cited.

A well considered case upon the measure of damages to an automobile is *Coleman v. Levkoff,* 128 S. C. 487, 122 S. E. 875. The rules of it were substantially followed in the trial of the case at bar in the following instructions to the jury:

"Now where you have a case in Court where an automobile is concerned, with reference to actual damages, and bear in mind that actual damages are simply those damages which in the law are designed to compensate a person for the losses that he or she has sustained, the theory being that where you compensate a person as actual damages, you would be putting him back in the same position as near as possible, that he or she was in before they were damaged. Now, where an automobile is involved, in order to arrive at what would be a fair amount to award one as actual damages, you should take into consideration from the evidence that you have heard, what was the reasonable market value of the automobile before the collision, what was the reasonable market value of the automobile after the collision, deduct the latter from the former and then you would have a true rule to go by in arriving at what the damages were. Now, in arriving at that figure, you should take into consideration the estimates of repairs that has been introduced in evidence, depreciation, if any, and use good common sense, and then you would have a true rule to go by, as I say, in arriving at what the actual damages were. Now in addition to that, you could award a reasonable sum of money to compensate the owner of the automobile for the loss of the use of her automobile for a reasonable length of time during which it would have taken her to have the same repaired. In that connection, Mr. Foreman and Gentlemen of the Jury, I think I should further tell you this: You heard me tell Mr. Whaley, when he was arguing to you, he took the position that a person should minimize his damage. I said that rule of law would not apply in a case of this kind but I

think I should further tell you this, that the reason the law lays down that theory that I have just enunciated to you about a reasonable length of time during which it would take to have the same repaired, would be based upon this premise; a person who had a collision or has an automobile wrecked, he couldn't wait two or three years and then come back and charge the other party with the loss of the use of his automobile for two or three years, as an illustration, because that would be unreasonable. In other words, you would have to take all the facts and circumstances into consideration and arrive at a reasonable figure, that is, if you consider that she has lost any money by reason of her negotiating or contracting for the use of another automobile, or as I said, for any other expense as a result of the loss of the use of her automobile for a reasonable length of time during which it would take to have the same repaired."

"The damages are not limited to the cost of repairs actually made (here estimated—interpolated) where it is shown that they did not (here would not—interpolated) put the property in as good condition as it was before the injury, and that it would have cost a larger sum to do so. In such cases, the cost of the repairs made (here estimated—interpolated) plus the (remaining) diminution in value of the property will ordinarily be the proper measure of damages." 15 Am. Jur. 534, Damages, sec. 124. It was said in *Littlejohn v. Elionsky,* 130 Conn. 541, 36 A. (2d) 52, 53 : "A new car may be badly damaged and be repaired so as to put it in a sound or good state, and yet be worth much less than before the collision." Other decisions to the same effect are reviewed in the annotation in 169 A. L. R. 1103 *et seq.* See also, *Sullivan v. City of Anderson,* 81 S. C. 478, 62 S. E. 862.

It was held in *League v. National Surety Corp.,* 198 S. C. 289, 17 S. E. (2d) 783, 786, that the trial judge did not abuse his discretion in refusing to disturb verdict for $900.00, which was proportionately generous in that case to the verdict, as reduced, in the case in hand; and we said: "The

testimony for the plaintiff tended to show that the list price of the truck when new was $990.00; that the plaintiff after purchasing it had it equipped with oversize tires and with airbrakes, at an additional cost of $115.00, thus representing an investment of $1,105.00. The truck was purchased in the year 1939, about a year before the accident, and had been driven about 30,000 miles. The testimony further showed that the truck had been maintained in excellent condition. Its salvage value after the wreck was only $75.00. The plaintiff testified that at the time of the accident the truck was worth $1,000.00."

Likewise we conclude in this case that appellants have not shown an abuse of discretion by the trial court in the order reducing the verdict *nisi.* A comparably full verdict was similarly sustained in the recent case of *Reese v. National Surety Corp.,* 224 S. C. 489, 80 S. E. (2d) 47. The concluding words of the opinion in *Jackson v. Solomon,* S. C., 89 S. E. (2d) 436, 440, are apposite: "We cannot say as a matter of law that the trial Judge committed an abuse of discretion in failing to reduce the verdict as rendered by the jury more than he did, taking into consideration the greatly depreciated value of a dollar." The factor of inflation was also important in the affirmance of verdict for wrongful conversion of an automobile in *Richardson v. General Motors Acceptance Corp.,* 221 S. C. 14, 68 S. E. (2d) 874, despite the contention that it was excessive.

The other ground of appeal arises out of the interruption by the court of defendant's counsel during his argument to the jury when he undertook to argue the failure of plaintiff to minimize her damages. The following is copied from the record:

Mr. Whaley closes to the Jury on behalf of the Defendants: "When she left her wrecked vehicle out in the yard"—.

"The Court: Wait a minute, Mr. Whaley. I don't agree with you.

"Mr. Whaley: Your Honor, I'm going to request that you charge—

"The Court: I will refuse you, so don't talk to the jury any more along that line.

"Mr. Whaley: Your Honor, is there a duty on anybody to mitigate the damages?

"The Court: Not in this kind of a case. I don't think so.

"Mr. Whaley: Mr. Rabon testified that at that time the car had a value—

"The Court: Only in a case where a man has a fire insurance policy, or a car is stolen, or something like that.

"Mr. Whaley: I was under the impression that any party had a duty to mitigate damages.

"The Court: I don't agree with you on that."

Reference to the incident is found in the above quotation from the court's subsequent instructions to the jury. Counsel evidently had in mind his following cross examination of plaintiff:

"Q. You have made no effort to have it (her car) repaired? A. I didn't have the money to have it repaired and I didn't think it was my duty to have it repaired.

"Q. Just answer my question. You did not have it repaired? A. No.

"Q. And it's been sitting up there, out in the weather since the accident? A. I expect it has. I haven't seen it."

However, plaintiff made no claim of weather damage to her wrecked car and such was not included in the measure of damages which was given to the jury in the instructions. Nor was there evidence that the salvage value would have been any more than testified to, if the wreckage had been housed. The attempted argument to the jury, which the court excluded, was not pertinent to any issue in the case.

There is no requirement that one whose automobile is damaged by the negligence of another must have it repaired in order to entitle him to recover his dam-

ages. *Chambers v. Cunningham*, 153 Okl. 129, 5 P. (2d) 378, 78 A. L. R. 905. 15 Am. Jur. 534, *supra*. Restatement, Torts, Vol. 4, Sec. 928. 6 Blashfield, Perm. Ed., 92, Sec. 3432. Of course, a competent estimate of the cost of repairs is relevant upon the issue of the amount of damages; and estimates were properly admitted in evidence in this case because they were relevant to the issue, as were the estimates of the salvage value of the wreckage and the period of deprivation of the use of the automobile for a reasonable time within which the repairs could have been made. The last mentioned item is additional to the basic measure of the damages, which is that they are the amount of the difference between the reasonable market value of the automobile immediately before the injury and its reasonable market value immediately after the injury. *Coleman v. Levkoff, supra,* 128 S. C. 487, 122 S. E. 875.

It is the undoubted general rule that it is the duty of the owner of property, which is injured by the negligence of another, to use reasonable means to minimize the damages, but there was no evidence in the case in hand of any opportunity and failure of plaintiff to minimize her damages. The rule is simply not applicable to the facts of this case. If plaintiff had had the automobile repaired, it would not have diminished her damages as that issue was submitted to the jury (and submitted under proper instructions, as we have seen) which in this case was the difference in market value "before and after," plus the value of the loss of use of the automobile during the period reasonably necessary for repairs. No other element of damages was submitted to the jury.

"The duty to minimize damages is not arbitrarily imposed in all cases. * * * Furthermore, the rule applies to damages which one can prevent, and not to damages already accrued." 25 C. J. S., Damages, § 33, p. 501; and from § 184, p. 878, of the same text: "Instructions as to the duty to minimize damages are properly refused where the issue is not presented by the pleadings and evidence." Because it is

unnecessary to do so in this case, we do not decide whether or not it is necessary to plead reduction or mitigation of damages.

Former decisions of this court upon the subject of the duty of one whose property has been injured to prevent or reduce the damages are collected in 8 S. C. Dig., Damages, PAR. 62, p. 39, and none is in conflict with the presently governing principles which have been stated. As was said in *Du Bose v. Bultman,* 215 S. C. 468, 56 S. E. (2d) 95, the duty to exercise care and diligence to minimize damages is well-established, but it has no application to the facts of the instant case just as it did not there.

Judgment affirmed.

TAYLOR, OXNER and LEGGE, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.