114 So.2d 283

**PAN COASTAL LIFE INSURANCE COMPANY**

v.

**Roy MALONE.**

**8 Div. 995.**

Supreme Court of Alabama.

Aug. 20, 1959.

Dawson & McGinty, Scottsboro, for petitioner.

Andy Hamlet, Jr., Scottsboro, opposed.

GOODWYN, Justice.

Petition of Pan Coastal Life Insurance Company for certiorari to the Court of Appeals to review and revise the decision and opinion of that court in Pan Coastal Life Insurance Company v. Malone, Ala.App., 114 So.2d 277.

It is insisted by petitioner that the Court of Appeals erred in the following respects: 1. In not holding that petitioner "was entitled to the general affirmative charge for the reason that the evidence failed to show due proof of loss, as provided in the policy." 2. In not holding that petitioner "was entitled to the general affirmative charge for failure of proof that the claimed disability arose before default in payment of premiums." 3. In not holding that "the trial court erred in overruling defendant's motion to exclude the evidence offered by the plaintiff and direct a verdict in favor of defendant on the grounds that plaintiff failed

to show that his injuries were sustained during the terms of said policies effected directly and independently of all other causes through accidental means, and on the further ground that plaintiff failed to show that the injuries upon which he based his claim wholly and continuously disabled and prevented the insured from performing any and every kind of duty pertaining to his occupation." 4. In not holding that "highly prejudicial ineradicable argument of plaintiff's attorney to the jury entitled the defendant to a mistrial." 5. In upholding "the portion of the trial court's oral charge to which exception was reserved."

### 1, 2 and 3.

◼ It is apparent that the decision of the Court of Appeals on these three points was based on its findings from the evidence. No question of law, apparent on the face of the opinion, is presented. Accordingly, these points are not reviewable here. In Department of Industrial Relations v. Walker, 268 Ala. 507, 109 So.2d 135, 137–138, we had this to say concerning our consideration of a petition for certiorari to the Court of Appeals, viz.:

> " * * * On certiorari to that Court we do not go to the record and consider all the evidence anew and determine, as a reviewable proposition, whether the factual findings and conclusions are sufficiently supported by the evidence or are against the great weight and preponderance of the evidence. * * * It must be remembered that the Court of Appeals is a court of final appellate jurisdiction in this state and its decisions are reviewable by us only by certiorari. Our review is confined to the opinion, although at times we examine the record for a better understanding of the court's holding."

### 4.

◼ Undoubtedly, the argument of plaintiff's counsel was improper. The trial judge recognized this and promptly admon-

ished the jury to disregard it. The Court of Appeals, in reviewing this question, stated as follows: "We are of opinion that the ruling and instructions of the trial court were sufficient to remove any harmful effect from the argument of plaintiff's attorney." We do not think it can be said that the argument, on its face, was so highly prejudicial as to be ineradicable. See: Life & Casualty Ins. Co. v. Cain, 217 Ala. 301, 302, 116 So. 154.

### 5.

◼ With respect to disability payments, each policy sued on provides as follows:

> "If 'such injuries' shall, within twenty days from the date of the accident *wholly and continuously disable and prevent the insured from performing any and every kind of duty pertaining to his occupation,* the company will pay monthly indemnity at the rate specified in the schedule, for the period of *such continuous total disability,* but not exceeding twelve consecutive months." [Emphasis supplied.]

It is contended by petitioner that the portion of the trial court's oral charge, set out in the Court of Appeals' opinion, is an erroneous statement of the law applicable to this case. It seems to be petitioner's position that the foregoing policy provisions are different from those in the cases cited in support of its holding, and that such cases are not apt in the instant case. We cannot agree. In Metropolitan Life Ins. Co. v. Alston, 248 Ala. 671, 29 So.2d 233, 234, the policy sued on provided for disability payments upon the insured becoming totally disabled "so as to be prevented thereby from engaging in any business or occupation, or performing any work for compensation or profit." It seems to us that the provisions in the two policies now before us are, in material respects, essentially the same as the policy in the Alston case. In that case it was said:

> "Our cases applying total disability clauses similar in material respects to

that now under consideration have held that they mean that such total disability exists when, and only when, the insured cannot substantially perform the material duties of some occupation for which he is qualified by experience and training. Mutual Life Ins. Co. [of New York] v. Danley, 242 Ala. 80, 5 So.2d 743; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248; New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547; Mutual Benefit Health & Accident Ass'n v. Bain, 242 Ala. 471, 6 So.2d 599; Mutual Life Ins. Co. [of N. Y.] v. Brunson, 246 Ala. 233, (12 and 13), 20 So.2d 214."

See, also, Wilkey v. Aetna Life Ins. Co., Ala., 112 So.2d 458.

Writ denied.

LAWSON, SIMPSON and MERRILL, JJ., concur.