125 So.2d 4

**Robert Herman FULLER**

v.

**Clyde MARTIN.**

**8 Div. 679.**

Court of Appeals of Alabama.

Nov. 29, 1960.

**162**

Powell & Powell, Decatur, for appellee.

Noble J. Russell and Robt. Straub, Decatur, for appellant.

PRICE, Judge.

This is an action to recover damages sustained by plaintiff on account of personal injuries and injury to his taxicab in a collision with defendant's truck. There was a verdict for plaintiff in the sum of $1,000. Defendant appeals.

The principal question presented for our consideration relates to damages.

The basic rule for the measure of damages for injury to a motor vehicle is the difference in value before and after the injury. Hunt v. Ward, 262 Ala. 379, 79

So.2d 20. The difference may be shown by proof of reasonable cost of restoring the machine to its original condition. Austin v. Tennessee Biscuit Company, 255 Ala. 573, 52 So.2d 190.

■ The owner of a commercial vehicle is entitled to recover for the reasonable value of the hire or use of the car during the time reasonably necessary for repairs. Wilson & Co. v. Sims, 250 Ala. 414, 34 So.2d 689.

Plaintiff testified he had operated a taxicab service in the town of Hartselle for about three weeks. At the time of the collision he was driving a 1955 Ford, six cylinder four-door automobile purchased in June, 1958, from W. E. Rogers. He estimated the value of the automobile prior to the collision at from $400 to $500, and its value after the injury at from $75 to $100, or approximately $400 difference in the valuation before and after the wreck. He also testified $10 per day would be a reasonable sum for the loss of use of his automobile while being repaired. The automobile was not repaired and was still standing on the Rogers lot near where the collision occurred. On cross-examination plaintiff stated that after the accident he drove the car around town getting estimates on the costs of repairs.

Plaintiff's witness, W. E. Rogers, fixed the value of the automobile before the injury at from $400 to $425, and after injury at approximately $100, and the reasonable rental value of an automobile to take its place during repair, at $4 to $5 per day.

For the defendant, Buster McNutt, a body repairman, testified a reasonable price for the repair of the taxicab would be $385.70, and John A. Lawler testified $385 would be a reasonable amount for repairs for the car.

We will treat the assignments of error in the order in which they appear in the brief. Assignments 8 and 9 will be considered together.

Assignment No. 8

Allen Braswell, a body repairman, a witness for plaintiff, testified he was not familiar with the car before the collision; that he examined it afterwards and estimated the cost of repairs at $760. On cross-examination he stated in his opinion the car was a total loss. Thereupon counsel for appellant moved that the witness's testimony be stricken on the ground that where repairs will cost more than the automobile is worth the cost of repairs may not be used as the measure of damages.

Assignment No. 9

Plaintiff's witness, Paul Byrd, also a body repairman, testified he estimated the cost of repairs at $740. On cross-examination he stated the car was in a pretty bad shape, but he did not consider it to be a total loss. After cross-examination defense counsel moved to strike the witness's testimony on the ground it showed the car to be a total loss, and it would cost more to repair it than its value before the injury.

■ The complaining party is entitled, by reason of repair, to a car equal to but not better than he had immediately prior to the collision. Fischer v. Hawkeye Stages, 240 Iowa 1203, 37 N.W.2d 284. And the cost of repairs must not exceed the difference in the market value of the car before and after the injury. White v. Beaumont Implement Co., Tex.Civ.App., 21 S.W.2d 559.

■ The testimony of witnesses Braswell and Byrd was admitted without objection. We think the court properly overruled the motions to strike. Under the evidence it was for the jury to determine whether the taxicab sustained a repairable injury or was totally destroyed.

Assignment No. 2.

■ Charge 11 was properly refused. A jury question was presented as to whether the plaintiff was entitled to additional damages for the loss of the hire or use of the

taxicab. Assignments Nos. 5 and 6 will be considered together.

Assignment No. 5.

After expressing his opinion as to the difference in the market value of the taxicab before and after the injury, W. E. Rogers was asked this question:

"Now if you went out here on the market and leased or rented a motor vehicle of like kind and character to use in the taxi-service business on the streets of Hartselle, what would be a reasonable rental for the hire or the use of a vehicle such as belonged to Mr. Martin, damaged in this collision in July, per day or week, or per month or year?"

Counsel for defendant objected on the ground that the witness's testimony showed the car was a total loss, and in cases of complete destruction of a vehicle a plaintiff cannot recover the value of its loss of use. The court overruled the objection.

Assignment No. 6.

Defendant's objection was overruled to this question asked of the same witness.

"Q. Yes, if you can give it per day, what would be a reasonable cost rental per day for a motor vehicle of like kind and quality, used for the purposes for which this particular motor vehicle was used, but prior to the 10th of July?"

■ The general rule is that if the automobile is injured so that it cannot be repaired the measure of damages is its value immediately before the accident, less its wreckage value, if any. Recovery cannot be had for both total loss of an automobile and loss of use of the same vehicle. Hayes Freight Lines, Inc. v. Tarver, 148 Ohio St. 82, 73 N.E.2d 192; Hunt v. Ward, 262 Ala. 379, 79 So.2d 20; Terrebonne v. Toye Bros. Yellow Cab Co., La.App., 64 So.2d 868.

As we have said, whether the taxicab was completely destroyed was for the jury under the evidence. But counsel for appellant insists the taxicab was never repaired for the obvious reason that it was a total loss. In brief he quotes the following from Hunt v. Ward, supra.

"If the owner of the damaged truck abandons it and buys another for his own use, he has thereby mitigated his damages and may only recover the amount of the depreciation in the value of the damaged truck, on the theory that to mitigate his damages he could have immediately sold it at its depreciated value."

And further argues in brief:

"We submit that the appellee in this case abandoned his taxi just as effectively as if he had sold it. He never had it repaired and it sat in the bus company lot from the time of the accident until the date of the trial, approximately one year. Therefore no testimony concerning the loss of use should have been allowed."

In Newman v. Brown, 228 S.C. 472, 90 S.E.2d 649, 653, 55 A.L.R.2d 929, the court said:

"There is no requirement that one whose automobile is damaged by the negligence of another must have it repaired in order to entitle him to recover his damages. Chambers v. Cunningham, 153 Okl. 129, 5 P.2d 378, 78 A.L.R. 905. 15 Am.Jur. 534 (Damages, Sec. 124) Restatement, Torts, Vol. 4, Sec. 928. 6 Blashfield, Perm.Ed., 92, Sec. 3432. Of course, a competent estimate of the cost of repairs is relevant upon the issue of the amount of damages; and estimates were properly admitted in evidence in this case because they were relevant to the issue, as were the estimates of the salvage value of the wreckage and the period of deprivation of the use of the automobile for a reasonable time within which the repairs could have been made. The last mentioned item is additional to the basic measure of the damages, which is

5

that they are the amount of the difference between the reasonable market value of the automobile immediately before the injury and its reasonable market value immediately after the injury. * * *

"It is the undoubted general rule that it is the duty of the owner of property, which is injured by the negligence of another, to use reasonable means to minimize the damages, but there was no evidence in the case in hand of any opportunity and failure of plaintiff to minimize her damages. The rule is simply not applicable to the facts of this case. If plaintiff had had the automobile repaired, it would not have diminished her damages as that issue was submitted to the jury (and submitted under proper instructions, as we have seen) which in this case was the difference in market value 'before and after' plus the value of the loss of use of the automobile during the period reasonably necessary for repairs. No other element of damages was submitted to the jury."

It would be unjust to hold that plaintiff must be deemed to have abandoned his automobile because of his failure to have it repaired. He may not, for example, have had sufficient funds or credit to enable him to repair it. He was not required to have it repaired in order to entitle him to claim compensation for the loss of its use during the time reasonably necessary for repairs, and it was not error to admit testimony as to the value of its hire or use.

Requested charges 7 and 8 were properly refused. The burden of proving plaintiff abandoned his automobile rests on the party asserting it and is a question of fact to be determined from all the circumstances of the case. Heaton v. Slaten et al., 25 Ala.App. 81, 141 So. 267. The only evidence tending to indicate an abandonment was that it had remained on Mr. Rog-

ers' lot and had not been repaired at the time of trial.

"* * * to constitute abandonment, there must be some clear and unmistakable affirmative act or series of acts indicating a purpose to repudiate ownership, or inconsistent with any further claim of title or ownership, that is to say, an unequivocal and decisive act or acts of relinquishment." 1 C.J.S. Abandonment § 3, p. 9.

Charges 7 and 8 submitted to the jury the question of plaintiff's abandonment of his automobile without proper instructions as to the legal and technical meaning of the term "abandonment." See 1 C.J.S. Abandonment § 1, p. 4, and without instruction as to the question of burden of proof. Moreover, the trial court will not be reversed for refusing a "belief" charge in a civil case. Southern Railway Company v. Sanford, 262 Ala. 5, 76 So.2d 164.

Plaintiff's counsel, in his argument to the jury, stated:

"Any verdict you find in this case won't cost Mr. Fuller a dime." Defense counsel objected and moved for a mistrial.

The court stated:

"Objection sustained, and I'll overrule the motion for a mistrial whether it does or doesn't cost him anything is not a question for you to consider. It isn't proper for you to consider whether or not it would cost this man anything and so far as we are all concerned it would cost any defendant whatever the amount of your verdict is; but that is not the question for you to consider. Your only interest is in the facts of this case. Motion for mistrial overruled."

Appellant insists the argument of plaintiff's counsel was an obvious allusion to insurance coverage and was ineradicable, and the court erred in denying the motion for a mistrial and in overruling the motion

for a new trial on the ground of motion pertaining to the argument.

It is improper for counsel in argument to refer in any manner to insurance coverage, but we do not think the argument here was so highly prejudicial as to be ineradicable. Life & Casualty Ins. Co. v. Cain, 217 Ala. 301, 116 So. 154, 155; Pan Coastal Life Ins. Co. v. Malone, 269 Ala. 515, 114 So.2d 283. The court promptly instructed the jury it was improper and not to be considered by them. The denial of the motion for a mistrial, as well as the motion for a new trial, was without error.

[12] Taking the testimony of the plaintiff the jury could have found the difference in value of the automobile before and after the collision to be $400.

Plaintiff's witness Braswell estimated the time necessary to make the repairs at two to three weeks. Taking the plaintiff's figure of $10 per day, seven days a week for three weeks, he was entitled to recover $210 for the value of the loss of use of his automobile.

Plaintiff, in his complaint, sought to recover damages for personal injuries. The only evidence in support of this claim was as follows:

"Q. What part of your body was injured or hurt? A. It was just my arms, kind of bruised a little, nothing else, but I was shook up pretty bad.

"Q. Did you encounter lameness, stiffness or soreness in your body following that time for a few days or hours? A. No, not too bad. It just —I could just tell I had been in an accident or wreck—nothing serious—just my arm kind of hurt a little bit."

This evidence was not sufficient to warrant an award of damages for personal injuries.

[14] Since under the evidence the plaintiff was not entitled to recover more than the difference in the market value of the

car before and after the injury, plus the value of its use or hire, the judgment should have been not more than $400, with interest at the rate of six percent per annum from July 10, 1958, the date of the accident, to June 9, 1959, the date of the judgment, plus $210 for its use or hire. Interest, of course, runs on the judgment until it is paid. Hunt v. Ward, supra; Title 9, Section 63, Code 1940.

We find no ground for reversal of the judgment, and under Section 811, Title 7, Code, the judgment must be affirmed on the condition that within thirty days appellee shall file in this court a remittitur of the damages in excess of $610, plus interest as set out above. If this is not done the judgment will be reversed and the cause remanded.

Affirmed conditionally.