**LANEY TANK LINES, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**Civ. A. No. AC–1544.**

United States District Court
E. D. South Carolina,
Columbia Division.

Jan. 14, 1965.

John C. West, and Kenneth L. Holland, Camden, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., and George E. Lewis, Asst. U. S. Atty., Columbia, S. C., for defendant.

HEMPHILL, Chief Judge.

Plaintiff seeks recovery of money damages against the United States, under provision of Title 28 U.S.C. § 1346(b) [1]. The action arose out of a collision between plaintiff's tractor and trailer and a jeep of defendant driven by Army personnel; liability was admitted.[2] There remains only the question of damages. The undisputed facts show total destruction of plaintiff's Mack diesel tractor and

---

1. Sec. 1346(b) of Title 28 confers jurisdiction on the District Courts of the United States: "Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. The Answer pled: " * * * admits so much thereof [Complaint] as alleges the operator of the Army jeep was negligent * * * the resulting damages to plaintiff."

Great-Dane tank-trailer, except for nominal salvage value.

"Generally, in tort actions the injured may recover for reasonable expenses necessarily incurred by him as a proximate result of the defendant's wrongful act, and for the reasonable expenditures made by him in an attempt to avoid or lessen his damages. For example, one may recover for expenses incurred in searching for, reclaiming, or replacing property wrongfully taken from him, for the expense incident to removing and storing a damaged vehicle while awaiting repairs * * *." [3]

Detailed excellent documentation sustains damages here. Plaintiff's damages included the total destruction of the tractor and trailer of 7500 gallon capacity, along with the various items of equipment. Also claimed as damages were expenses incurred by plaintiff in investigating the accident and transporting the wrecked units to its terminal at Charleston.

James H. Shealy, President of Shealy's Inc., Mack Truck distributors, testified that he sold the tractor in question to the plaintiff. He stated that the new cost of a unit would be in excess of $14,000 and that the destroyed unit had a value of at least two-thirds (⅔) of that amount. Later when called as a witness for the defendant, he testified that prices for such units, depending upon the equipment, could be as much as $18,000 and that the plaintiff had purchased a replacement unit delivered in November at a net cost of approximately $15,500.

Ray Alexander, State Manager for the Great Dane Trailer Company, testified that the new cost of a trailer similar to the one destroyed would be approximately $11,500 and estimated the fair market value of destroyed unit at $9,000.

Both Shealy and Abernathy testified, in effect, that the depreciation factor would be relatively small because Mack tractors last for approximately 1,000,000 miles (the unit in question having been driven less than 100,000) and a similar trailer of this type having been in use since 1957 had no history of replacement due to normal usage. Plaintiff's Safety Director, Price, testified and submitted substantiating invoices for other equipment destroyed as a result of the accident; such equipment totalling in excess of $1,000.

Plaintiff pursued at the trial (non-jury) a claim for reimbursement for expenses incurred by it in having Crawford and Company, insurance adjusters, investigate the accident, and matters incidental thereto. Defendant properly objected, as such expenses are not recoverable. At common law, a litigant may not recover for any part of his expenses in preparing for trial, whether these be what he pays his accountants, his experts or attorneys.[4] It follows that the investigating fees are not a part of the compensable consequential damages that flow from the negligent injury.

Plaintiff seeks recovery for loss of use of the destroyed units pending replacement; defendant opposing on the theory that where total loss of a chattel occurs no loss of use should be allowed.

Ordinarily, one who recovers the full value of a chattel destroyed through the negligence of another cannot recover for the value of the use after its destruction [5]. However, "where the property is something which can be replaced, the measure of plaintiff's damages is the expense of hiring property which he is forced to substitute for that of which he is deprived" [6].

The uncontradicted testimony established that the fair rental value of the destroyed chattels was 23 cents per mile with a minimum guarantee of 75,000 miles per year. If rentals were for a period less than a year, the cost would be greater.

3. 15 Am.Jur. 547, Damages § 138.

4. Rumsey Mfg. Corp. v. United States Hoffman Machinery Corp., 2 Cir., 187 F. 2d 927.

5. 25 C.J.S. Damages § 83, page 601.

6. Ibid.

Plaintiff's President testified that he was unable to find, following the accident, a unit available for rent and that as a result he was forced to shift equipment from other terminals and utilize equipment of a smaller capacity in the hauling operations which resulted in substantial additional expense.

The testimony of both Shealy and Abernathy established that the minimum delivery time for replacement units was ninety (90) days. In fact, the replacement tractor required a delivery time of four months. The trailer had not yet been replaced at the time of trial. Even after delivery, some time is necessary to equip the truck, have it properly licensed and ready for operation in plaintiff's business.

No one can contest the truth that the facts, here, as in most cases, are peculiar. "The facts breed the law." The Court recognizes the fact that plaintiff was, is, in business, with obligations to honor, contracts to fill. Uncontradicted is its testimony that the destroyed equipment was needed, missed, had to be substituted for, was eventually replaced. Damages for loss of use are justified under such circumstances and the attendant facts outlined above. Analogous is the case of Newman v. Brown [7] wherein the South Carolina Supreme Court allowed damages for deprivation of the use of a wrecked automobile. Here the deprivation of use is clear, the inability for immediate replacement of the total loss equally clear. See also Scott v. Southern Railway Co., 231 S.C. 28, 97 S.E.2d 73 [8], the reasoning there applies here.

■ Upon consideration of all of the testimony as to damages, including loss of use for a reasonable time of the destroyed chattel and excluding investigating expense attributable to the accident, this Court is of the opinion that the plaintiff has suffered actual damages in the sum of Twenty-seven Thousand Five Hundred and No/100 ($27,500.00) Dollars.

Plaintiff is entitled to have judgment against defendant in the sum of Twenty-seven Thousand Five Hundred and No/100 ($27,500.00) Dollars actual damages.

Costs shall follow the judgment.

And it is so ordered.

---

7. 228 S.C. 472, 90 S.E.2d 649, 55 A.L.R. 2d 929.

8. In the Scott case the Court said: "In the instant case there is no showing that under the circumstances the time to repair the car was unreasonable.

Coleman v. Levkoff, 128 S.C. 487, 122 S. E. 875; Newman v. Brown, 228 S.C. 472, 479, 90 S.E.2d 649; and there is no merit in the contention that the rental value of the car used was not a proper element of damages * * *."