HOLMES, Judge.
The plaintiffs-Baker, et al., sued the defendants-State Board of Health and St. Clair County Health Department, et al. The plaintiffs sought by injunction, mandamus and equitable means to require the defendants to enforce certain regulations pertaining to mobile home parks. After an ore tenus hearing, the trial court denied the requested relief and plaintiffs appeal. We affirm.[1]
The dispositive issue is whether the trial court’s action is supported by the facts and applicable “law.” As indicated, we find no error in the trial court’s action and affirm.
Specifically, the plaintiffs, through able counsel, contend that the mobile home park is subject to the regulations governing subdivision development adopted by the Alabama State Board of Health requiring lots in a mobile home park to be on no less than 15,000 square feet of usable land and that the owners of the mobile home park in question are in violation of that requirement. The plaintiffs all reside in close proximity to the mobile home park.
The defendants, to the contrary, state that the above regulation is not applicable because of § 2-264 of the regulations which exempts subdivisions approved prior to the effective date of the regulation mandating the 15,000 square foot lots.
There was evidence presented to the trial court which reveals the following:
Development of the subject mobile home park dates back to at least 1974. In 1974, a Mrs. Campbell bought the real estate upon which the mobile home park is located.
In 1974, applicable state health department regulations permitted mobile homes utilizing septic tanks to be placed on 3,200 square foot lots. Mrs. Campbell secured authorization for septic tanks based upon the 3,200 square foot requirement.
Thereafter, she spent on the mobile home park approximately $32,000 purchasing equipment, clearing the property, and building roads.
Some time after 1974, Mrs. Campbell’s husband died. Thereafter, to complete the project, she formed a partnership with her brother. In 1977, this partnership, because of disagreement among the parties, was dissolved by judicial intervention.
In 1978, the mobile home park regulations were changed. The previous lot size was increased to 15,000 square feet, but the earlier 3,200 square foot requirement was, as correctly contended by defendants, “grandfathered in.”
In 1981, Mrs. Campbell was forced to sell the property. The property was purchased by a Mr. Ingram. Mr. Ingram testified he purchased the property “as a trailer park.”
In 1981 to 1982, Mr. Ingram, operating under Mrs. Campbell’s 1974 permit, invested approximately $4,000 in the project. In 1982, Mr. Ingram entered negotiations to sell the property. The instant lawsuit was then filed.
As seen from the above, the trial court had before it evidence which showed that Mrs. Campbell had a permit (to develop on 3,200 square foot lots) which was issued prior to the effective date of the 15,000 square foot regulation; that the permit was in effect “used” continuously; and that regulation 2-264 exempts subdivisions with prior approval from the 15,000 square foot requirement.
As to the contention that the mobile home project had been abandoned, we note the following: “Discontinuance or abandonment involves more than mere cessation. It results from the concurrence of two factors: 1) an intent to abandon and 2) some overt act or failure to act which carries the implication that the party neither claims nor retains any interest in the subject matter of the abandonment.... ” Quinnelly v. City of Prichard, 292 Ala. 178, 183, 291 So.2d 295, 299 (1974). See also Fuller v. Martin, 41 *1100 Ala.App. 160, 125 So.2d 4 (1960) (must be clear and unmistakable affirmative act).
In the instant case there are no affirmative acts which would indicate a desire to abandon or discontinue the mobile home project. The evidence merely shows that there is a time span during which little or no development occurred. The trial court could have found that this inactivity was caused by external factors and, in any event, did not evidence abandonment. Be that as it may, whether or not abandonment occurred is a decision for the trier of fact. Tennessee & C. Ry. v. Taylor, 102 Ala. 224, 14 So. 379 (1894). In the instant case the trier of fact determined that there had not been an abandonment. The evidence supports a finding that no abandonment occurred.
In addition to the above, we find pertinent the defendants’ contention that the 15,000 square foot requirement should not be enforced because of general equitable considerations. The mobile home park was developed under a permit that allowed 3,200 square foot lots. The owners and their successors relied on the permit and expended time and money developing and improving the lots according to the regulations under which they acquired the permit. Equity adapts relief to the case and in so doing form gives way to substance. Segall v. Loeb, 218 Ala. 433, 118 So. 633 (1928).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

. We make no comment of the propriety of the manner in which the plaintiffs sought relief or whether they were proper parties. The parties joined issue, the trial court decided the issue, and the decision on that issue is here on appeal. We, as did the trial court, simply decide the appeal in the manner presented.