The plaintiffs, Oscar Hill and Irma Hill, filed this personal injury action in the Circuit Court of Marengo County against the defendants, Gary Sherwood (as a co-employee of Oscar Hill) and Robert Jones Construction Company. After a trial, the jury found for the defendants. The plaintiffs appeal from the trial judge's denial of their motion for a new trial. We affirm.
As one of the grounds for their motion, the plaintiffs stated as follows:
 "That [Sherwood's defense counsel] in his closing argument to the jury stated as follows: `That a judgment againt Gary Sherwood would hurt his career and would bankrupt him.' That said statement was highly improper in that it emphasized the lack of liability insurance on behalf of Gary Sherwood and/or wealth."
In ruling on the motion, the trial judge entered the following order:
 "The Court, upon consideration of the Motion for New Trial filed by the plaintiffs, finds as follows: [The] Attorney for Gary Sherwood, during his closing argument to the jury, made a statement to the effect that a verdict against Mr. Sherwood would bankrupt him and ruin his career. There was no objection to this statement by plaintiffs' counsel and no request for instructions from the Court to the jury to disregard the remark. The closing arguments were not transcribed by the reporter; there is no record of the exact statement or the entire closing argument. The Court does recall the remark was made by [Sherwood's defense counsel] and the Court was prepared to rule on any objection made by plaintiffs' attorneys.
 "The Court finds that the remark was a highly improper argument and that an objection was due to be sustained. However, the Court is of the opinion that the argument taken in the entire context of the trial and all of the closing arguments is not so highly prejudicial as to be ineradicable by curative instructions from the Court."
 "It is, therefore, ORDERED by the Court that the Motion for New Trial is denied."
The law in this area is concisely stated in Alabama PowerCompany v. Henderson, 342 So.2d 323 (Ala. 1977): *Page 1359 
 "Without due objection by counsel or a motion to exclude and a ruling by the trial court, improper argument of counsel is not ground for new trial nor the subject of review on appeal. An exception is where it can be shown that counsel's remarks were so grossly improper and highly prejudicial as to be beyond corrective action by the trial court. The remarks in this case do not fall within that category of statements so grossly improper or highly prejudicial as to place it within the exception to the general rule. Since there was no timely objection by counsel, there is no error for this court to review. Johnson v. State, 272 Ala. 633, 133 So.2d 53
(1961); Anderson v. State, 209 Ala. 36, 95 So. 171
(1922); Prescott v. Martin, Ala., 331 So.2d 240
(1976)." (Emphasis added.)
The plaintiffs contend that their motion was due to be granted because defense counsel's remark was so grossly improper and highly prejudicial as to be beyond corrective action by the trial judge.
It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge. The exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by this Court unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error. Hill v. Cherry,379 So.2d 590 (Ala. 1980). In Calvert Marsh Coal Company v. Pass,393 So.2d 955 (Ala. 1980), the Court stated:
 "Both parties have cited numerous cases in support of their view of the prejudicial effect of the remark. However, as noted by defendant, each case would have to be decided on its own merits and much would depend upon the issues, parties and the general atmosphere of a particular case. Lawrence v. Alabama Power Co., 385 So.2d 986 (Ala. 1980). Viewed in the context argued, this one isolated remark does not fall within that category of remarks sufficiently prejudicial to place it within the exception to the general rule.
 "We have recognized that, since the trial court is present at the time when the argument is made, the trial court has great latitude in ruling on the propriety of counsel's arguments. Prescott v. Martin, 331 So.2d 240 (Ala. 1976). In particular, in passing on the question of ineradicable bias much should be left to the enlightened judgment of the trial court, with the usual presumptions in favor of the ruling made to that end. Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402 (1949); Pacific Mutual Life Insurance Co. v. Green, 232 Ala. 50, 166 So. 696
(1936). . . ."
See also Daniel Construction Company v. Pierce, 270 Ala. 522,120 So.2d 381 (1960), and State Farm Mutual Automobile InsuranceCompany v. Boyer, 357 So.2d 958 (Ala. 1978).
There is no hard and fast rule as to when a remark made by counsel in closing argument is deemed to be so grossly improper and highly prejudicial as to be ineradicable from the minds of the jurors, notwithstanding a timely admonition from the trial judge. Each case must be decided in light of the peculiar facts and circumstances involved, and the atmosphere created, in the trial of each particular case.
Defense counsel's closing argument in the present case was not transcribed by the reporter. The record contains only the jury's verdict, the trial court's judgment entered on the verdict, the plaintiffs' motion for a new trial, and the trial judge's order denying that motion. Thus, we have no record of the exact remark, nor of the context in which the remark was made. The trial judge recognized the impropriety of the remark in his order denying the plaintiffs' motion for a new trial, and acknowledged that he would have sustained an objection to it, had one been made, and would have admonished the jury accordingly. It is clear that the trial judge did not consider the remark's effect on the jury to be so prejudicial as to be beyond cure.
We note that although the indirect interjection of wealth and/or liability insurance *Page 1360 
into a trial as a fact to be considered by the jury is generally considered improper, the resulting prejudicial effect is not per se ineradicable. See C. Gamble, McElroy's Alabama Evidence, § 189.04 (7) (3d ed. 1977); Life Casualty Insurance Company v.Cain, 217 Ala. 301, 116 So. 154 (1928); Birmingham ElectricCompany v. Mann, 226 Ala. 379. 147 So. 165 (1933); Alabama PowerCompany v. Kirkpatrick, 268 Ala. 338, 105 So.2d 855 (1957);Durham v. York, 269 Ala. 304, 112 So.2d 472 (1959); Pan CoastalLife Insurance Company v. Malone, 40 Ala. App. 325, 114 So.2d 277, writ denied, 269 Ala. 515, 114 So.2d 283 (1959); DanielConstruction Company v. Pierce, supra; Fuller v. Martin,41 Ala. App. 160, 125 So.2d 4 (1960); Campbell v. Davis, 274 Ala. 555, 150 So.2d 187 (1962); Blount Brothers Construction Companyv. Rose, 274 Ala. 429, 149 So.2d 821 (1963); State Farm MutualAutomobile Insurance Company v. Boyer, supra; Jim Short FordSales, Inc. v. Washington, 384 So.2d 83 (Ala. 1980); GeerBrothers, Inc. v. Walker, 416 So.2d 1045 (Ala.Civ.App. 1982).
In light of the incomplete nature of the record and the presumptions in favor of the trial judge's ruling, we are not prepared to hold that defense counsel's remark in the present case was so prejudicial that it could not have been cured upon a timely objection.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.