COOK, Justice
(concurring specially).
I concur to affirm the judgment without an opinion. I write briefly to express my view that the trial court did not abuse its discretion in this medical-malpractice case by granting the plaintiffs motion for a new trial. The trial court granted the plaintiffs new-trial motion, concluding that error had occurred in two areas during the trial: 1) The plaintiffs motion for a judgment as a matter of law was erroneously denied, because the defendant had failed to present evidence indi- *69 eating that the defendant had met or exceeded the standard of care, after the plaintiff, in his case-in-chief, had presented substantial evidence indicating negligence; and 2) the defendant’s closing argument to the jury had been inflammatory and improper.
Either ground independently would support the trial court’s order granting a new trial. However, the plaintiff did not object to the improper argument, nor did he ask for a curative instruction. Ordinarily, without an objection or a motion to exclude, improper argument is not a ground for a new trial or for a reversal on appeal. An exception applies when it can be shown that counsel’s argument was grossly improper and highly prejudicial, beyond the trial court’s corrective action. See Hill v. Sherwood, 488 So.2d 1357, 1359 (Ala.1986). The trial court addressed the prejudicial impact of the closing argument, concluding that “the remarks of counsel, especially when considered in toto, are so emotionally inflammatory and misleading as to be incurable under the circumstances presented at trial.” Thus, this ground, considered alone, supports the trial court’s ruling.
It is apparent that the case was a difficult one, and the record reflects, in the order on the motion for new trial, the trial judge’s effort and concern regarding the issues. The trial judge stated, in pertinent part:
“The granting of a new trial should not be entertained lightly or granted quickly, especially where a jury has spoken. That is particularly true in cases where the trial process itself takes such an emotional toll on the parties as a professional-liability death case. But, the Court has seriously doubted the propriety of its trial ruling denying the Plaintiffs Motion for Judgment as a Matter of Law on the issue of the Defendant’s failure to present evidence that he [the Defendant] met or exceeded that degree of care, skill and diligence that would have been exercised by a like practitioner within the national medical community under the same or similar circumstances after the Plaintiff in his case-in-chief had presented substantial evidence to the contrary.
“Frankly, the making, let alone granting, of a [motion for a] directed verdict or judgment as a matter of law in favor of a Plaintiff is apparently so rare as to create a paucity of appellate cases to guide the Court in ruling upon such a major point, especially where the issue was unanticipated. The Court at trial ruled on the side of restraint and caution. That was, in the Court’s now fully considered opinion, error.
“Whether that error standing alone should result in the granting of a new trial may be arguable but the Court believes it should. It is asserted by the Defendant that even though the so-called ‘magic words’ were not used in his testimony or the testimony of his expert witnesses, ... there was sufficient proper evidence and testimony elicited to rebut the Plaintiffs evidentiary showing of a breach of duty.... This is not, however, a situation where form is being placed over substance. A professional’s legal duty must be technically defined for the protection of physicians in general and in this case specifically for the very [medical-professional] defendant who now seeks to use that standard in 'a manner inconsistent with its purpose. In fact, the ‘standard of care’ that is the basis of a medical liability case has been legislatively stated in § 6-5-484 [Ala.Code 1975] and later in § 6-5-542 and has been judicially held to be a defined standard of care almost exclusively of an expert-type nature and not mere ‘magic words’ as suggested.
“One cannot reasonably argue that the Defendant would not have sought and been entitled to a directed verdict in his favor had the Plaintiff failed to present substantial evidence of the statutorily defined breach of duty by the Defendant. Thus, the so-called level playing field that our system of justice must provide mandates [that] the Plaintiff [be] entitled to a ‘partial directed verdict’ where the Defense fails to rebut a showing by the Plaintiff by substantial evidence that the Defendant breached his medico-legal duty to his patient, in this case, the Plaintiffs decedent.
“However, there is. no question in the Court’s mind that the error committed by *70 the Court in denying the Plaintiffs motion, when coupled with the inflammatory and patently improper closing argument of defense counsel — to the effect that, ‘They [Plaintiffs counsel] accuse Terry Taylor of being guilty of an unlawful homicide that killed this lady and they are asking you to go back there and punish this man,’ coupled with statements such as,’Terry was a volunteer. And now they want to ask you to punish him? What good is it going to do to make them rich and send him back to Piedmont in chains?’, and argument that Dr. Taylor was an unpaid ‘good Samaritan’ and that the Plaintiff should have sued the person who caused the automobile accident rather than Dr. Taylor and that the Plaintiff would, ... [T]ake this tremendous burden of responsibility off [the] person who ran the stop sign and put it on the shoulders of Dr. Taylor ...” — created such an [ineradicable] atmosphere of sympathy for the Defendant and prejudice against the Plaintiff that the Plaintiff was again deprived of a fair trial. [Emphasis by the trial court.]
“Defendant’s counsel points out to the Court that the closing argument of Mr. Harris [Dr. Taylor’s attorney] was not formally reported by the official court reporter in this ease, was prepared only from an audiotape, and was not objected to by Plaintiffs counsel at the time. In that regard, the Court finds the transcript in question is substantially accurate and notes that [the] accuracy thereof has not been disputed by the Defendant. Additionally, the remarks of counsel, especially when considered in toto, are so emotionally inflammatory and misleading as to be incurable under the circumstances presented at trial.”
(C.R.268-71.)
It is firmly established in our jurisprudence that the ruling on a motion for a new trial is within the discretion of the trial judge. The exercise of that discretion carries a presumption of correctness and the ruling on the motion will not be disturbed unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error. Hill, 488 So.2d at 1358. In my view, under the facts of this case and the law governing it, the trial court acted within its discretion in granting the plaintiffs motion for a new trial.
LYONS, J., concurs.