DONALDSON, Judge,
dissenting.
“It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge. The exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by [an appellate court] unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error. Hill v. Cherry, 379 So.2d 590, [592] (Ala.1980).”
Hill v. Sherwood, 488 So.2d 1357, 1359 (Ala.1986), Although it might have been possible for the-trial judge to have con *265 strued the jury verdict awarding Haylee Davis $100 in a manner that conceivably could have been supported by the evidence, the trial judge found that the verdict was the result of “passion, prejudice, or other improper motives” specifically because of events that occurred at the trial, including “the injection of the sexual activities of [Davis] and inapplicable defenses of contributory negligence and assumption of the risk.” The trial judge personally observed and heard'the statements of counsel and the testimony of the witnesses, and the trial judge personally observed the reactions of the jurors. Because of the trial judge’s decidedly superior vantage point to make a finding as to whether those events improperly tainted the jury verdict, I would affirm.